# GARRISON *v.* DISTRICT OF COLUMBIA.

---

STATUTES; STATUTORY CONSTRUCTION; PLUMBERS.

1. A statute punishing persons for doing plumbing work without a license, or unless they are in the employ of licensed master plumbers, is a penal statute, and will be construed liberally in favor of a person prosecuted for its violation, and strictly against the government.

2. When a thing is not within the meaning and purpose of a statute, although perhaps within the strict letter, it will not be construed as included in the enactment. (Following *Mackall* v. *District of Columbia,* 16 App. D. C. 301.)

3. The connecting by the unlicensed employees of a manufacturer of heating apparatus, who is not a plumber, of a boiler and tank, by means of short pipes, in a hotel to which the apparatus had been sold, without connecting it with the water pipes or service, is not a violation by them of the act of Congress of June 18, 1898, sec. 5 (30 Stat. at L. 477, chap. 467), making it unlawful for any person to engage in "the work of plumbing" in this District, unless he is licensed or is an employee of a licensed master plumber.

No. 1851.   Submitted February 4, 1908.   Decided March 3, 1908.

In ERROR to the Police Court of the District of Columbia.
                                   *Judgment Reversed.*

The facts are stated in the opinion.

*Mr. James B. Archer, Jr.,* and *Mr. John Lewis Smith* for the plaintiff in error.

*Mr. Edward H. Thomas,* Corporation Counsel, and *Mr. Francis H. Stephens,* Assistant, for the defendant in error.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This cause comes here on writ of error from the police court of the District of Columbia. The plaintiffs in error, Marion L. Garrison and Walter Edwards, defendants below, were convicted upon an information charging that they, on the 1st of November, 1907, within the District of Columbia, "did then and there perform certain plumbing work, without first having obtained a license so to do, or being in the employ of a licensed master plumber, to wit, made connection of hot water heater and boiler for heating water for domestic purposes in Congress Hall Hotel, contrary to, and in violation of, the act of Con-

gress approved June, 1898, and constituting a law of the District of Columbia."

It is conceded that the defendants were not master plumbers, or in the employ of a licensed master plumber. It appears that the defendants were in the employ of one whose business it was to manufacture and sell apparatus for heating and supplying water for domestic purposes. The apparatus here in question consisted of a boiler and tank, which was installed in the Congress Hall Hotel in the city of Washington at the time the building was in course of construction. The boiler and tank were disconnected in order that they might be moved conveniently to the building where the apparatus was to be installed. The defendants were employees of the party furnishing the heater, and were sent by their employer to set it up. In order to accomplish this, they were required to connect two short pipes extending between the boiler and tank.

At the trial a number of master plumbers testified, as witnesses for the District, to the effect that the work performed by the defendants in connecting the two pipes constituted plumbing work. The employer of the defendants testified "that the tank and boiler were connected on the premises of the Congress Hall Hotel building only because it was too large to be moved there if it had been connected in his shop; that the men did not connect the apparatus to the water pipes or service, as he had simply sold it to the hotel company, and connected the tank and boiler as above stated; * * * that the apparatus, when connected together by the said pipes, constitutes a heating device for supplying hot water for domestic purposes, which it is his business to manufacture and sell, and of which he invented certain improvements." The record further discloses that "each of the defendants thereupon testified that neither of them had connected either of the tanks with the water pipes or service of the building."

Plaintiffs in error rely upon the following assignment of errors: "1. The court erred in ruling, in effect, that it was sufficient to charge in the information, under the statute, that the defendants did 'perform certain plumbing work.' 2. In

ruling, in effect, that the mere connection of the boiler and tank, while neither was connected with the water pipes or service, nor with any water main, was engaging in the work of plumbing under the circumstances. 3. In receiving the opinions of the witnesses that the acts of the defendants were plumbing."

We think a consideration of the second assignment of error will be sufficient to dispose of this case. The prosecution was based upon sec. 5 of the act of Congress of June 18, 1898 (30 State. at L. 477, chap. 467), being "An Act to Regulate Plumbing and Gas Fitting in the District of Coumbia." The section is as follows: "Sec. 5. That it shall be unlawful for any person to engage in the work of plumbing or gas fitting in the District of Columbia, unless he is licensed as provided in this act, or is an employee of a licensed master plumber." The evidence clearly discloses that the boiler and tank, which were connected in this instance, constituted, when joined together, a single heating apparatus. It was a device manufactured by the employer of the defendants. It is not contended that the employer was a plumber or engaged in that business, and the record does not show that the defendants were either plumbers or engaged to do plumbing work. All they did in this instance was to set up the heating apparatus, which consisted solely of properly locating the heater in the building, and connecting the two pipes between the boiler and tank.

The object of this statute is to prevent unlicensed persons from engaging in the work of plumbing. It is in the nature of a police regulation for the protection of the public health. Being a penal statute, it must be construed liberally in favor of the defendants, and strictly against the government. In *Mackall* v. *District of Columbia,* 16 App. D. C. 301, 306, the court, considering the effect of a statute regulating the sale of intoxicating liquors in the District of Columbia, said: "At the same time, the law must be given a reasonable interpretation; an unreasonable interpretation would only serve to bring it into discredit, and would thereby ultimately thwart the laudable purposes of the lawmakers. * * * It is well settled law that every word of a statute is to receive effect and to be

construed according to its ordinary and natural signification, and the strict letter is not to be departed from without good and sufficient cause; but it may be regarded as equally well settled law that when a thing is not within the meaning and purpose of a statute, although perhaps within the strict letter, it will not be construed as included in the enactment" Applying this construction to the case at bar, we think that the statute would not embrace the mere connecting of the parts of a heater that ultimately may form a part of the completed plumbing system of a building. If the contention of the corporation counsel should be sustained, it might lead to unlimited abuse. If the employer of the defendants could be prevented by this law from sending men in his employ to connect the parts of this heater in the hotel building, the law would likewise prevent the performance of the same work at his factory or shop before being removed to the building to become a part of its plumbing system. Followed to its logical conclusion, no one would be allowed to manufacture a heating device in which the parts were connected by pipes, without first securing a plumber's license. In setting up this heating apparatus, defendant did not attempt to connect it with the water pipes, or with the service in the building, or with the water mains. This was left to the persons charged with doing plumbing work on the building. We are of the opinion that the statute will not admit of so narrow a construction as is sought to be placed upon it by the corporation counsel, and that the police court erred in rendering judgment against defendants.

The judgment of the Police Court is reversed, and the cause remanded, with instructions to proceed in accordance with the views expressed in this opinion.            *Reversed.*