PEAK, Superintendent, etc., v. REED.

Court of Appeals of District of Columbia.

Submitted January 3, 1928. Decided February 6, 1928.

No. 4630.

1. Infants ⟨key⟩68—District of Columbia police court has jurisdiction to commit minor under 17 years to jail to await action of grand jury on charge of housebreaking (Code, § 43; Juvenile Court Act, §§ 8, 25).

Under Code, § 43, and Juvenile Court Act, § 8 (34 Stat. 73), police court of the District of Columbia had jurisdiction to commit a minor under the age of 17 to jail to await action of grand jury on charge of housebreaking, on failure to furnish bail, since juvenile court does not have exclusive jurisdiction thereof, and provisions giving jurisdiction to police court are not repealed by section 25 (34 Stat. 78).

2. Statutes ⟨key⟩158, 159—Repeals by implication are not favored, and unless two statutes are repugnant and in irreconcilable conflict, both will be given effect.

Repeals by implication are not favored, and unless two statutes covering the same subject-matter are repugnant, and are in irreconcilable conflict, effect will be given to both enactments.

3. Statutes ⟨key⟩188—It is safer not to broaden meaning of statutory language on basis of mere inference, surmise, or speculation.

It is safer not to broaden the meaning of statutory language on the basis of mere inference, surmise, or speculation, since to do this might well defeat the true intent of Congress.

4. Constitutional law ⟨key⟩70(1)—Construing unambiguous statute in any other way than giving it its plain meaning constitutes judicial legislation.

Where language is plain and unmistakable, there is nothing to construe, and to determine

purposes of legislation in any other way than by giving to statute its plain meaning would be nothing less than judicial legislation.

Appeal from Supreme Court of District of Columbia.

Application by Harold Reed for a writ of habeas corpus against William L. Peak, Superintendent of the Washington Asylum and Jail. Judgment for petitioner, and respondent appeals. Reversed.

Peyton Gordon and L. A. Rover, both of Washington, D. C., for appellant.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

SMITH, Acting Associate Justice. On the 18th of August, 1927, Harold Reed, then 14 years 8 months old, was arraigned in the police court of the District of Columbia on a charge of housebreaking and pleaded "not guilty." The court held Reed to await the action of the grand jury and fixed his bail bond at the sum of $500. As Reed did not give the bail required, he was committed on the 18th of August, 1927, by the police court to the Washington asylum and jail. On the 26th of August, 1927, Reed filed a petition in the Supreme Court of the District of Columbia, praying for a writ of habeas corpus on the ground that the police court had no jurisdiction to arraign him, to hold him, to fix his bail bond, or to commit him to the Washington asylum and jail. The writ was issued, and the superintendent of the Washington asylum and jail admitted in his return thereto that the petitioner was under 17 years of age at the time of his arraignment and alleged that he had been committed to the Washington asylum and jail by the police court of the District of Columbia to await the action of the grand jury on the charge of housebreaking. The Supreme Court of the District of Columbia ordered the petitioner released from the custody of the respondent on the ground that the police court of the District of Columbia was without jurisdiction to commit Reed to jail.

If the juvenile court had *exclusive* jurisdiction to commit the petitioner to await the action of the grand jury on the charge of housebreaking and to admit him to bail pending the action of the grand jury, the order of the Supreme Court directing his release from custody was warranted. On the other hand, if the police court had concurrent jurisdiction with the juvenile court to commit the petitioner to the Washington asylum and jail, the decision of the Supreme Court must be reversed.

The parts of section 43 of the Code of Laws for the District of Columbia and of section 8 of the Juvenile Court Act (34 Stat. 73), pertinent to the issue raised and defining the jurisdiction of said courts, are as follows:

Police Court.

"*Jurisdiction.* — The said court [police court of the District of Columbia] shall have original jurisdiction concurrently with the Supreme Court of the District, except where otherwise expressly herein provided, of all crimes and offenses committed in the said District *not capital or otherwise infamous and not punishable by imprisonment in the penitentiary,* except libel, conspiracy, and violation of the post office and pension laws of the United States; and also of all offenses against municipal ordinances and regulations in force in the District of Columbia. *The said court shall also have power to examine and commit or hold to bail, either for trial or further examination, in all cases, whether cognizable therein or in the Supreme Court of the District.*" (Italics not quoted.)

Juvenile Court.

"Section 8. That the juvenile court of the District of Columbia shall have original and *exclusive* jurisdiction of all crimes and offenses of persons under seventeen years of age hereafter committed against the United States, *not capital or otherwise infamous, and not punishable by imprisonment in the penitentiary,* committed within the District of Columbia, except libel, conspiracy, and violations of the post office and pension laws of the United States, and also of all offenses of persons under seventeen years of age hereafter committed against the laws, ordinances, and regulations of the District of Columbia, *and shall have power to examine and commit or hold to bail all persons under seventeen years of age, either for trial or further examination, in all cases, whether cognizable therein or in the Supreme Court of the District of Columbia."* (Italics not quoted.)

A careful examination of the sections just quoted discloses that neither the police court nor the juvenile court has any jurisdiction to try offenses punishable by death or by imprisonment in the penitentiary. The original and *exclusive* jurisdiction of the juvenile court over all crimes and offenses committed by persons under 17 years of age is, by express language, limited to such crimes and offenses *as are not capital or otherwise infamous and not punishable by imprisonment in the penitentiary.*

Although the police court and the juvenile court of the District have no trial jurisdiction whatever of a charge of housebreaking, the police court has power to examine and commit or hold to bail for trial or further examination *all persons,* and the juvenile court all minors under 17 years of age, charged with such an offense.

[1,2] The power to examine, commit, or admit to bail all persons charged with felonies was conferred on the police court long prior to the creation of the juvenile court and the

only question presented for determination on this appeal is: Did the establishment of the juvenile court and the vesting in it of authority to examine, commit, or admit to bail juveniles under 17 years of age, charged with felonies, give it exclusive jurisdiction in such cases? We are of the opinion that it did not, and that the police court and the juvenile court have concurrent jurisdiction to examine, commit, or admit to bail minors under 17 years of age, charged with felonies. To hold otherwise would simply mean that a prior statute giving jurisdiction to the police court to examine, commit, or admit to bail juveniles accused of felonies was repealed and annulled by necessary implication because a subsequent statute conferred the same powers in such cases upon the juvenile court. Repeals by implication are not favored, and unless two statutes covering the same subject-matter are repugnant and are in irreconcilable conflict, effect will be given to both enactments. United States v. Sampson, 19 App. D. C. 435; McCarthy v. McCarthy, 20 App. D. C. 195, 202; Moss v. United States, 29 App. D. C. 188, 196, 197; Cope v. Cope, 137 U. S. 682, 686, 11 S. Ct. 222, 34 L. Ed. 832; Frost v. Wenie, 157 U. S. 46, 58, 15 S. Ct. 532, 39 L. Ed. 614; Rosencrans v. United States, 165 U. S. 257, 262, 17 S. Ct. 302, 41 L. Ed. 708.

The statutes here involved are not in conflict, and effect may be given to both laws without violation of the legislative intent expressed by the language which Congress actually used. The language of section 43 of the District Code granting power to the police court *in all cases* to examine and commit or hold to bail is clear, unambiguous and unmistakable. That language is, therefore, not open to interpretation, and must be held to authorize the police court to examine and commit or hold to bail all persons regardless of age charged with felonies. Paulina v. United States, 7 Cranch, 52, 60, 3 L. Ed. 266; Lewis v. United States, 92 U. S. 618, 621, 23 L. Ed. 513; Thornley v. United States, 113 U. S. 310, 313, 5 S. Ct. 491, 28 L. Ed. 999; Lake County v. Rollins, 130 U. S. 662, 670–671, 9 S. Ct. 651, 32 L. Ed. 1060; United States v. Goldenberg, 168 U. S. 95, 102–103, 18 S. Ct. 3, 42 L. Ed. 394. The wording of the act defining the powers of the juvenile court is not such as to warrant the construction that Congress intended to give to that court exclusive power to examine and commit or admit to bail juveniles charged with felonies. If it was the legislative intent to give to the juvenile court exclusive power in such cases, Congress could

have said so, just as it did when it prescribed the jurisdiction of that court over juveniles charged with offenses not capital, infamous, or punishable by imprisonment in the penitentiary. The power of the juvenile court as to minors charged with felonies was not made exclusive, and for the court to hold that it is exclusive would result in a judicial amendment of the statute.

[3] It is argued that Congress could not have intended to give to the police court power to commit to jail juveniles under the age of 17 years charged with felonies, and thereby to bring them into contact with hardened criminals. The answer to that is that we cannot say it was not the intention of Congress to do so. It is true that juvenile misdeameanants should not be exposed to the influence of hardened adult criminals, but it is equally true that juveniles charged with infamous crimes should not be confined in institutions set apart for juveniles charged with less serious offenses. It is safer not to broaden the meaning of statutory language on the basis of mere inference, surmise, or speculation. To do so might well defeat the true intent of Congress.

Certainly the method of determining the legislative will suggested by amicus curiae as a substitute for the words of the statute cannot be accepted, when previous legislation dealing with the commitment of minors under 17 years of age demonstrates that it was not the policy of Congress to prevent the commitment to jail of minors charged with felonies. Section 2 of the act of 1901 (31 Stat. 1095) enlarging the powers of the courts of the District, expressly prohibited the commitment to a jail, workhouse, or police station of any child under 17 years of age *charged with or convicted of a petty crime or misdemeanor*. That section did not forbid the commitment of juveniles under 17 years of age *charged with or convicted of a felony*, and is at odds with the inference that such was the intention of the Juvenile Court Act.

[4] Where the language is plain and unmistakable, there is nothing to construe, and to determine the purposes of the legislation in any other way than by giving to a statute its plain meaning would be nothing less than judicial legislation. Maxwell et al. v. Moore et al., 22 How. 185, 191, 16 L. Ed. 251.

The power to examine and commit or hold to bail all persons charged with crimes or offenses has been exercised by the police court ever since 1870, and it would be going far to hold that the Act of March 19, 1906, creating the juvenile court and authorizing

it to examine and commit or hold to bail all persons under 17 years of age charged with felonies, annulled that power. In fact, there is nothing in the act establishing the juvenile court or in any act amendatory thereof which gives to that court exclusive jurisdiction in such matters, or revokes or annuls the powers conferred upon the police court in such cases.

The law giving the police court power to examine, commit, or admit to bail all persons charged with felonies is not inconsistent with the law giving to the juvenile court the power to examine, commit, or admit to bail juveniles under 17 years of age charged with offenses of that character. For the purposes mentioned, both courts have jurisdiction over such juveniles, and as the provisions of the law conferring power on the police court to examine, commit, or admit to bail minors charged with felonies are not in conflict with the like provisions of the Juvenile Court Act, it follows that the provisions giving jurisdiction to the police court are not repealed by section 25 of the Juvenile Court Act (34 Stat. 78).

If the juvenile court had been given exclusive jurisdiction over all juveniles under 17 years of age, regardless of the charge against them, it might be contended with great force that the whole subject-matter was covered by the juvenile court act. Congress, however, did not see fit to so legislate, and that it left the powers of the police court just as they were before the creation of the juvenile court may be accounted for by the fact that it did not consider that the purpose or usefulness of the juvenile court would be in any way affected by permitting the police court to examine, commit, or admit to bail juvenile offenders charged with felonies.

The judgment is reversed, without costs. Reversed.