**HANOVER IMP. SOC., Inc., v. GAGNE, Collector of Internal Revenue.**

No. 3261.

Circuit Court of Appeals, First Circuit.

Nov. 9, 1937.

John P. Carleton, of Manchester, N. H. (McLane, Davis & Carleton, of Manchester, N. H., on the brief), for appellant.

Ellis N. Slack, Sp. Asst. to Atty. Gen. (James .W. Morris, Asst. Atty. Gen., Sewall Key, Sp. Asst. to Atty. Gen., and Alexander Murchie, U. S. Atty., of Concord, N. H., on the brief), for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

MORTON, Circuit Judge.

This is an appeal by the plaintiff from a judgment in favor of the collector in an action brought to recover a federal capital stock tax alleged to have been unlawfully assessed and collected. The years involved are 1933 and 1934. The tax was properly assessed and collected unless the plaintiff was entitled to exemption under section 103 (8) of the Revenue Act of 1932 (26 U.S. C.A. § 103(8) and note) and under section 101(8) of the Revenue Act of 1934 (26 U. S.C.A. § 103(8), the provisions of which are practically identical.

The plaintiff was organized under the laws of New Hampshire in 1922. Its object as stated in the articles of association was: "The object of this association shall be the sole purpose of improving the Village Precinct of Hanover by any work or undertaking looking to the introduction, inauguration or betterment of any facility, agency or other service or thing designed or maintained for the common use or benefit of all the people of the community; to improve and beautify public roads, streets, parks and other public utilities or services, to improve education and health conditions, to raise funds for the acquisition and care of fire apparatus and the like.

"All funds of the association shall be devoted to its purposes as above set forth and no part shall inure to the benefit of any of its members except as reasonable compensation for services actually rendered."

Dartmouth College is situated in Hanover, and it seems not unlikely—though there is no finding to that effect—that the plaintiff's activities were to some extent at least inspired by that fact. It proceeded to lease and operate a motion picture house in Hanover which has produced a profit in each year including those here in question. It intends to continue this activity and is accumulating a fund which will be used for the erection of a new theater building when its present lease expires. Its income is derived from its theater and from securities bought with the profits of the theater. It has purchased fire-alarm and fire-fighting equipment for the village, and equipment for the use of the Precinct street department. It has contributed towards the construction and beautification of streets in the village, provided the furniture for the school-building, and built a bicycle room there. With other organizations it assisted in improving the skating pond and contributed towards the cost of a site for a new post-office building in Hanover. It made contributions to the Boy Scouts, the Girl Scouts, the .unemployment fund, and the Red Cross. Its total expenditures for

the fourteen years 1922 to 1936 amounted to nearly $180,000. The District Judge found and ruled "that the plaintiff corporation was organized for the purpose of promoting the social welfare of the village of Hanover and that the funds to be derived from the operation of the motion picture house were to be used exclusively for that purpose; *but that the purpose as carried out included more than charitable, educational or recreational purposes, and that therefore it does not bring itself within the provisions of the exemptions provided in the Revenue Act of 1932, chap. 209, sec. 103(8)."* (Italics supplied.)

The 1932 statute reads as follows:

"The followng oganizations shall be exempt from taxation under this title [chapter]— * * *

"(8) Civic leagues or organizations not organized for profit but operated exclusively for the promotion of social welfare, or local associations of employees, the membership of which is limited to the employees of a designated person or persons in a particular municipality, and the net earnings of which are devoted exclusively to charitable, educational, or recreational purposes." Revenue Act of 1932, c. 209, § 103 (8), 47 Stat. 169 (26 U.S.C.A. § 103(8) and note).

The other act in question, viz., chapter 277, section 101(8), of the Revenue Act of *1934*, 48 Stat. 680, (26 U.S.C.A. § 103 (8), reads the same as section 103(8) of the Revenue Act of 1932, supra. These sections originally appeared in the first income tax law in 1913 in which exemption was accorded to "civic leagues" or organizations not organized for profit but operated exclusively for the promotion of social welfare. Section II G(a), chapter 16, 63d Congress, 38 Stat. 172. There was at that time no provision exempting associations of employees provided the net earnings of such associations should be devoted exclusively to charitable, recreational, or educational purposes. The statute was re-enacted in its *original* form in each Revenue Act to and including the Revenue Act of 1921. In the Revenue Act of 1924 (section 231(8), 43 Stat. 253) an amendment was made putting the law into its present form. Prior to that amendment it is conceded that the plaintiff was entitled to exemption. Subsequent acts continued the 1924 provision.

■ The plaintiff contends that the 1924 amendment, which was added to the unchanged previous provision by the disjunctive "or," set up a second class of exempted organizations, and left undisturbed the provisions relating to "civic leagues," etc. The government, on the other hand, contends that the final clause, "the net earnings of which are devoted exclusively to charitable, educational or recreational purposes" when introduced by the amendment of 1924 applied to the whole subsection. The District Judge so construed the statute and denied recovery on the ground that the plaintiff's earnings were not devoted exclusively to charitable, educational, or recreational purposes, because providing a country town with fire-fighting apparatus or street machinery does not come within any of these headings. The government also urges that the finding, that the plaintiff was "not organized for profit but is and always has been operated exclusively for the promotion of the welfare of the village of Hanover," is erroneous, and that it is subject to review, "being at least a mixed question of law and fact." Helvering v. Tex-Penn Co., 300 U.S. 481, 491, 57 S.Ct. 569, 81 L. Ed. 755. But we think it is so largely a question of fact that without a report of the evidence we cannot undertake to re-examine it or set it aside; nor can it be said that the operation of a motion-picture theater in a college town might not be within the scope of an organization for social welfare. The District Judge's finding that the plaintiff was not organized for profit must be accepted.

■ The decisive question is as to the District Judge's construction of the statute. The report of the Senate Committee on Finance (April 10, 1924) stated, with reference to the 1924 amendment, that "Section 231(1) Paragraph (8) was extended to apply to local associations of employees the membership of which is limited to employees of a designated person or persons in a particular municipality and the net earnings of which are devoted exclusively to charitable, educational, and recreational purposes, whether or not for the benefit of the members and their families. In the bill as reported the phrase 'whether or not for the benefit of the members and their families' had been stricken out." Senate reports on public bills, 68th Congress, 1st Session, Report No. 398. We think this report strengthens a conclusion which would be reached by ordinary canons of interpretation. If there had been an intention to curtail the benefits which for ten years had been consistently extended to

civic leagues and other social welfare organizations we think such purpose would have been mentioned. Where a statute defines separate classes on which benefits are conferred or burdens imposed, we think the provisions relating to any single class would ordinarily be regarded as applying to it alone unless the language made it clear that they were intended to have general application. In Garden Homes Co. v. Commissioner, 64 F.(2d) 593, 596 (C.C.A.7), a similar construction was given to the statute. See too Harrison v. Baker Annuity Fund, 90 F.(2d) 286, 288 (C.C.A.7); and Union & New Haven Trust Co. v. Eaton (D.C.) 20 F.(2d) 419, a case under the Act of 1921. It seems clear that the intention was to add to the class of exempt social welfare organizations another class quite distinct in character composed of *"associations of employees,"* the requirements as to which are stated with details which do not apply, and were not intended to apply, to the first group. "Civic Leagues," or village improvement societies, were well known in 1913 and were granted exemption if not organized for profit, and operated exclusively for the promotion of social welfare; associations of employees were well known ten years later when the amendment of 1924 was passed and the benefits of exemption were extended to them with no restriction against organization for profit, but on the condition that the net earnings should be devoted exclusively to charitable, educational, or recreational purposes, which are distinctly different from the social welfare purposes referred to with reference to "civic leagues." It should perhaps be observed that civic leagues or similar organizations which are accorded an exemption do not lose it if some of their activities are carried on at a profit which is used to further the social welfare work. A great many recognized charities and educational institutions have incidental activities of this sort.

We find it unnecessary to consider whether the plaintiff's purposes and activities come within the expression charitable, educational, and recreational purposes.

It follows that the judgment of the District Court must be reversed and the case remanded for further proceedings not inconsistent with this opinion. So ordered.

The judgment of the District Court is reversed and the case is remanded to that court for further proceedings not inconsistent with this opinion.