## COX v. BOSTON CONSOLIDATED GAS CO.

No. 4222.

Circuit Court of Appeals, First Circuit.

May 29, 1947.

William J. Koen, Asst. U. S. Atty., of Boston, Mass. (William T. McCarthy, U. S. Atty., of Boston, Mass., and John F. Sonnett, Asst. Atty. Gen., Searcy L. Johnson, Sp. Asst. to the Atty. Gen., and Philip W. Yager and Kenneth E. Spencer, Attys., Dept. of Justice, both of Washington, D. C., on the brief), for appellant.

William M. Brady of Boston, Mass. (James S. Eastham and C. Russell Walton, both of Boston, Mass., on the brief), for appellee.

Before MAGRUDER, MAHONEY and WOODBURY, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment entered for the defendant in an action brought by an ex-service man for reinstatement in his former employment pursuant to the provisions of § 8(b) (B) of the Selective Training and Service Act of 1940, as amended, 50 U.S.C.A.Appendix, § 308(b) (B). The only question presented is whether the plaintiff made application to the defendant for reemployment within 90 days after he was relieved from training and service. The court below held that he had not and we agree.

From the stipulated facts it appears that the plaintiff was born on June 21, 1900, and that he was continuously employed by the defendant in various clerical capacities from September 8, 1930, to August 26,

1942, when, in spite of the defendant's request for his deferment on the ground that he was "necessary to and regularly engaged in" an "Essential Activity" as defined by the War Manpower Commission,[1] he was inducted into the United States Army. In December 1942, he applied for release from military service in order to engage in essential civilian activities, but this and subsequent similar applications were not favorably acted upon. However, one made in March, 1943, accompanied by letters from the defendant and Bethlehem Steel Company offering to employ the plaintiff in the event of his discharge, proved effective, and he was discharged from the army on April 7, 1943, in accordance with War Department Circular No. 39. On April 27, 1943, the plaintiff went to work for the Bethlehem Steel Company as a shipfitter in its East Boston yard, but on June 1, 1943, he left this employment because of the difficulties he encountered in getting to and from his work. On June 3, 1943, he obtained employment in the Radar Plant of the Raytheon Manufacturing Company. He was laid off by Raytheon because of curtailment of production on August 16, 1945, and his employment with that company finally terminated about two weeks later. On September 26, following, he made application for reinstatement in his former position with the defendant, and on October 2, he was advised that his application was denied on the ground that it had not been timely made.

The plaintiff contended below, and seems to contend here also, that his discharge from the army under Circular 39, supra, was expressly conditioned upon his taking employment in an essential capacity in an essential war industry and continuing in such employment for the duration of the war emergency. The court below did not so interpret the circular and neither do we. It seems to us clearly to provide for the unconditional discharge of enlisted men over 38 years of age on a mere representation of an intention on their part to engage in work necessary to the prosecution of the war. In view of the district court's full discussion of this circular in its opinion (D.C., 67 F.Supp. 742) we see no occasion to elaborate this point any further.

Nevertheless the plaintiff contends that his discharge, even though in terms unconditional, gave him only nominal release from the army because if at any time he should cease to be regularly engaged in some necessary capacity in an essential activity he would be promptly reinducted. Therefore he says, since the reemployment provisions of the Selective Training and Service Act are to be "liberally construed for the benefit of those who left private life to serve their country in its hour of great need" (Fishgold v. Sullivan Drydock & Repair Corporation, 328 U.S. 275, 285, 66 S.Ct. 1105, 1111, 90 L.Ed. 1230, 167 A. L.R. 110) the 90 day period within which to apply for reinstatement given to him by the Act should not be considered as starting to run until August 31, 1945, when his employment with the Raytheon Manufacturing Company finally terminated.

The district court disposed of this contention on two grounds; first that the plaintiff had not shown that a 43 year old man who had served some eight months in the army and been discharged ran any practical risk of reinduction whatever during 1943 and subsequent war years, and second that the theoretical risk the plaintiff ran of reinduction into the army did not excuse him from making application for his old position with the defendant. We agree. Furthermore § 3(a) of the Selective Training and Service Act of 1940 was amended on November 13, 1942, 56 Stat. 1018, 1019, 50 U.S.C.A.Appendix, § 303(a), by the addition of a proviso "That no man, without his consent, shall be inducted for training and service under this Act after he has attained the forty-fifth anniversary of the day of his birth" and the plaintiff attained that anniversary, and so became immune to induction, on June 21, 1945, more than 90 days before he applied for reinstatement to his former position with the defendant.

The judgment of the District Court is affirmed.

---

[1] See Local Board Memorandum No. 115 issued by National Headquarters, Selective Service System, March 16, 1942.