## KURTZ v. CAPITAL WALL PAPER CO.
### No. 653.

Municipal Court of Appeals for the
District of Columbia.

Sept. 21, 1948.

Milton M. Burke, of Washington, D. C. (Harry Kay, of Washington, D. C., on the brief), for appellant.

Richard W. Galiher, of Washington, D. C. (Julian H. Reis, of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Appellant, who was plaintiff below, is a paper hanger. Defendant owns and operates a wallpaper company selling its products to paper hangers. As an accommodation defendant offers the use of a group of power-driven wallpaper trimming machines to such customers as wish to use them. For customers who do not wish to do their own trimming defendant provides employees to do so at customer's cost. Plaintiff bought wall paper of defendant and proceeded to use one of the trimming machines as he had done many times before. He testified that a rod "flew out" of a groove in which it was resting and which did not have a guard on it, striking plaintiff on the nose, seriously injuring him.

There was testimony by another customer who was working on a machine alongside of plaintiff that he had twice warned plaintiff that he was using the machine improperly. This was denied by plaintiff.

The case was submitted to the jury under instructions which were not questioned by plaintiff in the trial court and are not questioned here. The jury awarded its verdict

to defendant. Motion for new trial was argued and overruled. From the judgment which followed plaintiff appeals.

A single question is presented for our decision: whether the trial judge was correct in refusing to permit plaintiff to introduce a safety regulation promulgated by the Minimum Wage and Industrial Safety Board, pursuant to the act of Congress creating said Board. Code 1940, Supp. V, § 36—401 et seq. The judge based his ruling on the ground that the Act and the rule referred to affected the relationship between employer and employee only, and that the regulation was not admissible in support of the claim of a person other than an employee.

The Act in question recites that its purpose was "to foster, promote, and develop the safety of wage earners of the District of Columbia in relation to their working conditions." In reporting the bill the Senate Committee recited that it was intended "to safeguard the health and life of industrial employees."[1] Throughout the Act there are references to "employers," "employees" and "places of employment," but nowhere is there any mention of a duty toward members of the general public. Can the courts extend the language of such an Act so as to include and protect a class of people other than those for whose benefit the Act was enacted? In these circumstances we think not.

■ In construing a statute the primary canon, which we need hardly repeat, is to ascertain and give effect to the legislative intent[2] and to give the legislative words their natural meaning. "It is safer not to broaden the meaning of statutory language on the basis of mere inference, surmise, or speculation. To do so might well defeat the true intent of Congress."[3] Therefore when a statute is enacted for the benefit of one class of persons it is not for the courts to say that it was also meant to embrace and protect other and additional persons and situations.[4]

■ It has also been held that in a statute which defines separate classes on whom benefits are conferred, the provisions relating to a single class should be regarded as applying to that class alone, unless the language makes it clear that it was intended to have a larger or more general application.[5] This statute gives no indication whatever that it was intended to protect any one other than employees or wage earners. It contains no word or reference to private contractors, or to customers or invitees of an employer. That Congress did not intend to include such persons is clear by any reasonable rule of construction.

■ Actually, however, we need not resort to general rules of construction, for there is in this jurisdiction recent and binding authority, clearly expressed, and just as clearly applicable to this statute. Wood v. White, 68 App.D.C. 341, 97 F.2d 646, 648. There the Court said: " * * * where a statute imposes a contractual obligation in derogation of the common law, and affects substantial rights, it cannot be extended by implication to include persons who do not come within its terms, but instead must be strictly construed." The relationship covered by this statute (between employer and employee) is of course contractual, and there can be no question that it affects substantial rights. Hence, under the authority just cited, its protective scope covers wage earners and not persons in the class of this appellant.

■ We therefore rule that the trial judge was correct in declining to let the jury consider the tendered regulation as a basis of additional support for plaintiff's claim. We note that by his ruling the judge did not, of course, bar plaintiff's re-

[1] We have discussed and set out the report at some length in Davis v. District of Columbia, D.C.Mun.App., 59 A.2d 208.

[2] Janof v. Newsom, 60 App.D.C. 291, 53 F.2d 149; King v. District of Columbia, 51 App.D.C. 160, 277 F. 562.

[3] Peak v. Reed, 58 App.D.C. 44, 24 F.2d 619, 621.

[4] Ohio National Bank v. Berlin, 26 App. D.C. 218, citing Lake County v. Rollins, 130 U.S. 662, 9 S.Ct. 651, 32 L.Ed. 1060; Garrison v. District of Columbia, 30 App. D.C. 515; see also Cox v. Boston Consol. Gas Co., D.C.D.Mass., 67 F.Supp. 742, affirmed, 1 Cir., 161 F.2d 680.

[5] Hanover Imp. Soc. v. Gagne, 1 Cir., 92 F.2d 888.

covery; he merely submitted the case to the jury on the issue of general or common law negligence. This was correct and proper.

Affirmed.