DISTRICT OF COLUMBIA v. AMERICAN EXCAVATION CO. et al.

Civil Action No. 31410.

District Court of the United States for the District of Columbia.

Jan. 16, 1946.

R. K. Millstein, of Washington, D. C., for claimants, for the motion.

K. K. Spriggs, of Washington, D. C., for defendant Surety Co., opposed.

HOLTZOFF, Justice.

This is a motion, by a creditor, for leave to intervene in an action on a contractor's bond, brought under Title I, Section 804, of the District of Columbia Code, 1940 Edition.

The motion is opposed on the ground that it was filed after the expiration of the period of one year, prescribed by the statute.

It is undisputed that the period of one year expired on December 21, 1945, while the motion was filed on December 28, 1945. It also appears that the present claimant had previously filed an independent suit on the same bond, apparently not being aware of the fact that this action had already been brought. This court has granted a motion to dismiss the action filed by this claimant on the ground that under the statute only one suit may be brought on a contractor's bond, and all other claimants must intervene in that suit, if they desire to share in the proceeds of the bond. Apparently, the claimant was not in a position to ascertain the fact that another suit on the same bond was pending.

The question presented to this court, on this motion, is whether the limitation of one year on the filing of an intervening petition is jurisdictional. If it is not, this court has authority in its discretion, for good cause shown, to grant leave to file the claim after the expiration of one year. The court is of the opinion that good cause has been shown.

■ It is true that it was held in the Third Circuit in Mandel v. United States, 4 F.2d 629, and in the District of Maryland in United States ex rel. and to Use of Pen Mar Co. v. J. L. Robinson Construction Co., 8 F.Supp. 620, that the time limitation is jurisdictional. These authorities are indeed persuasive, but nevertheless, they are

not binding or controlling on this court, in the absence of any ruling in this jurisdiction. No such ruling in this jurisdiction has been cited. With considerable diffidence, this court will not follow the two cases on which the defendant relies.

It is the opinion of this court that the limitation is not jurisdictional. It must be assumed that the Congress, in passing such a statute, was acting reasonably. It has been said again and again that all statutes must have a sensible construction and one that would not work an obvious injustice.

Let us assume that a suit on a bond has been filed, and another claimant desires to assert his rights. He would have no way of ascertaining that a suit had been brought unless he examines in the Clerk's office the file of every suit instituted within the preceding year. This is a burden that Congress surely could not have intended to place on any claimant. I think that if it appears that a claimant has not been aware of the pendency of another suit, and becomes aware of that fact after the expiration of a year, the court has authority, in the exercise of sound discretion, to grant leave to intervene nunc pro tunc. Such a rule is in the interest of justice.

I shall grant leave to intervene as of the date on which the original suit was filed by this claimant.