**METZLER et al. v. EDWARDS.**

No. 496.

Municipal Court of Appeals for the
District of Columbia.

May 14, 1947.

Herman Miller, of Washington, D. C.,
for appellants.

Samuel B. Brown, of Washington, D. C.
(Nathan M. Brown and Benjamin B.
Brown, both of Washington, D. C., on the
brief), for appellee.

Before CAYTON, Chief Judge, and
HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Appellants were sued as "Cuvier A.
Metzler and Cuvier A. Metzler, Jr., t/a

Metzler," for one-fourth of a broker's commission on the sale of District of Columbia real estate owned by a resident of Virginia. Appellee, also a resident of Virginia, held a real estate broker's license in that State but was not so licensed here. Because under the District of Columbia Real Estate and Business Brokers' License Act[1] she was not entitled to sell local real estate, appellee claimed she listed the property with appellants under an agreement that if they sold the property she would receive 25% of the commission. Metzler Senior sold the property and collected the regular commission from the seller but refused to pay a share to appellee, and this suit resulted. The trial court, sitting without a jury, made a general finding in favor of appellee against both appellants for the amount claimed, and this appeal followed.

The undisputed evidence showed that Metzler Senior, a licensed real estate broker in the District of Columbia, was the sole owner of the real estate brokerage business conducted under the name "Metzler" and that his son, Metzler Junior, was employed by his father as a real estate salesman, had only a salesman's license, and had no proprietary interest in the business. Appellee testified the seller had asked her to find a buyer for the property, that she told the seller she could not sell District of Columbia property but would secure a District broker. She also testified that the arrangements for the listing were made by her over the telephone with the Metzler office and that she thought she talked with Metzler Junior. Metzler Junior denied he had talked with appellee. Metzler Senior said the conversation was with him, but testified he had rejected the proffered agency and denied any agreement had been made to split the commission with appellee. He claimed on the contrary that the listing had been obtained independently from the owner by one of his own salesmen.

Appellants defended first on the ground that no liability had been proved against Metzler Junior as an individual, and he could not be liable as a partner since no partnership existed; second, that Metzler Senior was not liable because he had made no agreement to split the commission, and Metzler Junior had not made and was not authorized to make any such agreement for him; and, third, that in any event appellee could not sue for a real estate broker's commission in the District of Columbia because of a prohibition contained in the local License Act.

Considering the testimony in its interpretation most favorable to the trial court's finding, we have concluded that the judgment against Metzler Junior finds no support in the evidence. Furthermore, under Section 14 of the License Act, discussed more fully below, only a District of Columbia broker is authorized to share a commission with a nonresident cooperating broker, and Metzler Junior was not a licensed broker but only a salesman. The contrary is true, however, with respect to the facts regarding Metzler Senior. The trial court could have found from the evidence that while appellee was mistaken in believing she had talked over the telephone with Metzler Junior she was correct in saying that the Metzler to whom she did talk (Metzler Senior, according to his testimony) had agreed to pay her one-fourth of his commission if he sold the property. It was agreed that it was from appellee that Metzler Senior first heard of the property; also that he knew before the sale was closed that appellee was claiming a share of the commission. The names in the Metzler office made possible misunderstandings as to identity. Such misunderstandings are not infrequent when father and son have the same given names and surnames. The contracts were headed simply "Metzler." Metzler Senior did not use "Sr." in signing his name. His listing cards at one place described him as "Cuvier A. Metzler, Realtor" and at another place used the expression "Cuvier A. Metzler, Realtors." He himself testified that when away from the city he "sort of left the office to his son." The son, acting for his office, had contacted appellee previously about the purchase of Virginia property on which appellee had an exclusive listing. While we do not deem it nec-

---

[1] Code 1940, 45—1401 et seq.

essary to pass on the question of whether an agency, ostensible or actual, existed between father and son, there was some evidence tending to support that view.

We have concluded also that the Act does not bar recovery by appellee from Metzler Senior. Section 1 makes it unlawful "in the District of Columbia" for any person or firm to act as a real estate broker without being licensed by the Real Estate Commission. Other sections make a misdemeanor of a violation of the Act and provide penalties. Section 7, upon which appellants rely, provides in part as follows:

"No person * * * engaged in the business or acting in the capacity of a real-estate broker * * * within the District of Columbia shall bring or maintain any action in the courts of the District of Columbia for the collection of compensation for any services performed as a real-estate broker * * * or enforcement of any contract relating to real estate without alleging and . proving that such person * * * was a duly licensed real-estate broker * * * at the time the alleged cause of action arose."

Section 14 of the Act, as amended August 10, 1939, provides in part as follows:

"It shall be unlawful for any person * * * knowingly to pay a fee, commission, or compensation to anyone for the performance within the District of Columbia of any service or act defined in this (Act) as the act of a real-estate broker * * * who was not duly licensed as such at the time such service or act was performed: Provided, That this paragraph 'shall not apply to the division of commission by a broker licensed hereunder with a nonresident cooperating broker."

Appellants urge that the prohibition in Section 7 against the maintenance of an action in District of Columbia courts by a party not holding a District of Columbia license is all inclusive and that the proviso in Section 14, passed approximately two years after the original Act, merely granted a right to local brokers to share commissions with nonresident brokers, without granting the latter an enforceable remedy. We can not agree with such an unreasonable contention.

█ It is apparent that the prohibition against the maintenance of suits in local courts does not of itself make contracts in violation of the Act void but merely unenforceable.[2] But other provisions of the Act demonstrate that it is an exercise of the police power for the protection of the public interest,[3] and it is a general rule that contracts in violation of such statutes are not merely unenforceable but void.[4] The amending proviso in Section 14 wherein a broker duly licensed in the District of Columbia is permitted to share a commission with a nonresident cooperating broker establishes that agreements to this effect are not in contravention of public policy and hence, in the absence of the prohibition of Section 7, would unquestionably be enforceable in local courts.

█ The literal words of a statute are to be read in the light of the purpose of the statute taken as a whole,[5] and are to be given a sensible construction and one that would not work an obvious injustice.[6] We feel that it would be an obvious injustice, and that it could not reasonably be held to be the intent of Congress, that a local broker may legally agree to pay a commission to an outside broker and then arbitrarily refuse to carry out the agreement. In view of the fact that the primary purpose of the Act, the protection of

---

2 Cf. Hamilton v. Glassell, 5 Cir., 57 F.2d 1032; Frankel v. Allied Mills, Inc., 369 Ill. 578, 17 N.E.2d 570.

3 Eberman v. Massachusetts Bonding & Ins. Co., D.C.Mun.App., 41 A.2d 844.

4 Hartman v. Lubar, 77 U.S.App.D.C. 95, 133 F.2d 44; Hartman v. Lubar, D. C.Mun.App., 49 A.2d 553; Moore v. Burdine, La.App., 174 So. 279; Frankel v. Allied Mills, Inc., supra; see Lloyd v. Johnson, 45 App.D.C. 322.

5 Saginaw Broadcasting Co. v. Federal Communications Comm., 68 U.S.App.D.C. 282, 96 F.2d 554, certiorari denied Gross v. Saginaw Broadcasting Co., 305 U.S. 613, 59 S.Ct. 72, 83 L.Ed. 391.

6 Consumers Union of United States, Inc., v. Walker, 79 U.S.App.D.C. 229, 145 F.2d 33; District of Columbia v. American Excavation Co., D. C., D.C., 64 F. Supp. 19.

the public, is assured by the presence in such transactions of a duly licensed broker, we believe that the 1939 amendment to Section 14 gave not only a right to a co-operating nonresident broker but an enforceable remedy as well.

Reversed as to the judgment against Cuvier A. Metzler, Jr., and affirmed as to the judgment against Cuvier A. Metzler.