## RIDDELL et al. v. HOWAR.

### No. 1221.

Municipal Court of Appeals
District of Columbia.

Argued July 28, 1952.

Decided Aug. 22, 1952.

Jesse Lee Hall, Washington, D. C., for appellant.

George A. Glasgow, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant, a real estate broker, was sued by appellee, a former salesman in appellant's office, for one-half of the commission received by appellant on the sale of certain real estate. The parties were in agreement on the following facts. The salesman began work in the broker's office in a clerical capacity with the understanding that if

he obtained a real estate salesman's license he could then also act as salesman and earn commissions on sales. He obtained his license and sometime thereafter was alone in the office when he answered a telephone inquiry regarding a property which had been listed with the broker. The prospective purchaser (hereafter referred to as the purchaser because he eventually became such) had seen the broker's sign on the property and was interested in inspecting the property and learning the price for which it could be bought. The salesman showed the property to the purchaser and his wife and had several interviews with the purchaser. The property was listed with the broker at $40,000, but the salesman testified he told the purchaser he thought an offer of $35,000 would be considered. The purchaser said he had in mind a figure of $32,000 or $33,000, but he made no offer. On November 15 the broker and salesman visited the purchaser and discussed the property. Again no offer to purchase was made. The salesman testified that he had prepared a contract containing an offer for $35,000 but that the broker would not let him present it to the purchaser. The broker denied this. After this meeting the salesman talked with the purchaser once or twice. However, it is agreed that at no time did the purchaser make an offer, written or oral, to the salesman. The salesman's last conversation with the purchaser was in the latter part of November. On December 20 the salesman voluntarily left the broker's office and, as required by law, surrendered his license. On January 4, without any further solicitation, the purchaser called the broker and made an offer of $35,000, which was thereafter accepted. After settlement the broker receiver his commission and when the salesman learned of the sale he made demand for one-half of the commission. The broker refused to pay and this action was brought. The case was submitted to a jury which found for the salesman.

The chief factual matter in dispute related to the agreement between the broker and salesman respecting the conditions under which the salesman would be entitled to a commission. The amount of commission is not in dispute, it being agreed that the salesman's commission if earned would be, as is apparently customary in this jurisdiction, one-half of the broker's commission. The agreement between the parties was oral. The salesman's statement of the agreement was: "* * * Once I was a duly licensed salesman * * * any sale made by me, that was made by his office through my efforts where I would bring in the purchaser for any piece of property and it was sold that I would get a salesman's commission." The broker testified that his agreement with the salesman was the same he had with other salesmen and that the arrangement was: "Any salesman who procures a buyer for property and brings in a contract is entitled to receive a commission on the sale of the property. * * * In order to earn his commission he had to produce a buyer with a contract and a deposit and secure the acceptance of the seller."

Both parties agree that the salesman voluntarily left the office of the broker and that nothing was said by either party regarding the salesman's right to a commission if sale of the property was eventually made to the prospect with whom the salesman had been dealing. The rights of the parties must therefore depend on their original agreement. It will be seen that they differed as to the terms of their agreement. It was the salesman's position that the agreement entitled him to a commission if the broker's office made a sale to a purchaser brought in or procured by the salesman. On the other hand, the broker claimed that under the agreement the salesman became entitled to a commission only if he had procured a purchaser and secured from that purchaser an offer which was accepted by the seller. Despite the conflicting versions as to what the oral agreement was, the trial court did not submit that phase of the case for the determination of the jury. Instead it narrowed the submission thus: "* * * The sole question submitted to you for decision on the evidence in this case is: Was the plaintiff the procuring or proximate cause of the sale * * * in that * * * he did procure or was the procuring cause in obtaining * * * a purchaser who was ready,

able and willing to buy the property * * * on terms which were then acceptable to the owners of said property." Several times in the charge the trial court stressed the issue of procuring cause as being the only issue.

The court had previously defined procuring cause and in submitting that as the only issue the court assumed that the agreement of the parties was that a commission was earned when the salesman was the procuring cause in a legally recognized sense. Such assumption completely ignored the broker's version of the agreement to the effect that the salesman was entitled to a commission only when and if he secured a contract of sale signed by both purchaser and seller. As the different versions of the parties indicated, they could well have agreed that a commission was earned when more or less had been done towards securing a purchaser than is contemplated by the legal term procuring cause.

The charge deprived the broker of the right to have the jury determine as a fact what was the agreement with the salesman and whether under such agreement the salesman had performed services entitling him to recover. Moreover, by ignoring the agreement of the parties the court deprived the broker of the right to have the jury consider what effect the salesman's resignation, before an offer was obtained, had on his right to a commission.

Even if the jury were to accept the salesman's version of the agreement, there was still a question whether the sale was "made" by the salesman or made by the broker's office through the efforts of the salesman to a purchaser "brought in" by the salesman. These were the two conditions, even according to the salesman, under which he would be entitled to a commission.

█ In summary, the rights of the parties depended on the agreement between them. They admitted the existence of an oral agreement but differed as to its terms. It was for the jury to determine as a fact what the agreement was, what the parties intended thereby, and whether under such agreement the salesman had performed services entitling him to recover.[1]

██ The broker urges that regardless of the terms of the agreement of the parties the salesman cannot recover because of that section of the Real Estate and Business Brokers' License Act which provides that no broker or salesman shall maintain an action for compensation as such without alleging and proving that he was duly licensed "at the time the alleged cause of action arose." Code 1940, 45–1407. In the instant case the salesman was licensed when he performed his services; he was not so licensed when the contract of sale was executed. If it shall be determined that the salesman is entitled to recover under the agreement, the above section is no bar to such recovery. We do not think the statute intended that one who earns a commission while duly licensed shall be denied the right to recover it because he thereafter voluntarily surrenders his license. The license act in effect provides that it is legal to pay a commission to one for services he has rendered while duly licensed.[2]

Reversed with instructions to grant a new trial.

1. Roberts v. Veterans Cooperative Housing Ass'n, D.C.Mun.App., 88 A.2d 324; Sanitary Farm Dairies v. Gammel, 8 Cir., 195 F.2d 106; Weil v. Free State Oil Co. of Maryland, Md., 87 A.2d 826.

2. Code 1940, 45–1414. See Metzler v. Edwards, D.C.Mun.App., 53 A.2d 42.