Herman O. CHESSER, Appellant,

v.

Ted KAHN, Appellee.

No. 1823.

Municipal Court of Appeals for the District of Columbia.

Submitted June 25, 1956.

Decided July 20, 1956.

Herman Miller, Washington, D. C., for appellant.

Jackson Brodsky, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This appeal is by a real estate broker from a judgment awarding a real estate salesman his share of a commission collected by the broker. Accepting the salesman's testimony, as the trial court evidently did, there is no question that the sale producing the commission was effected through the efforts of the salesman and that the broker had agreed that the salesman would receive one-half of the commission if and when collected. The broker argues that, even if this be true the salesman was not entitled to share the commission because of Code, § 45–1408(e) which makes it unlawful for a salesman to accept a commission from anyone other than the broker under whom he is licensed. This argument is based on the fact that, although the salesman's services were performed while he was licensed under the broker, the contract of sale was executed and consummated, and the commission was paid, after the salesman had left the broker's employment and had gone to work for another broker. We see nothing in the Real Estate and Business Brokers' License Act[1] which prevents a salesman from collecting from a broker that which is due for services performed while duly licensed under the broker. The mere fact that when the compensation became due the salesman had transferred to another broker's office is no bar to a recovery. We so ruled in Riddell v. Howar, D.C.Mun. App., 90 A.2d 925.

Affirmed.

1. Code 1951, § 45–1401 et seq