**DISTRICT OF COLUMBIA for the Use and Benefit of Jones D. JASPER, Plaintiff,**

**v.**

**EDROW ENGINEERING COMPANY, Inc., et al., Defendants.**

**Civ. A. No. 1148-66.**

United States District Court
District of Columbia.

March 14, 1968.

Dennis Collins, Collins & Fitzgerald, Washington, D. C., for plaintiff Jones D. Jasper.

Nathan M. Brown, Brown, Genn & Brown, Washington, D. C., for defendants.

## MEMORANDUM OPINION

GESELL, District Judge.

This is an action under Title I, Sec. 804 of the District of Columbia Code, to recover payment in the sum of $11,800, plus interest, for work, labor and materials. The controversy involves a contract between the defendant Edrow and the District of Columbia, dated June 30, 1964, for improvements at the National Zoological Park, Phase II. Defendant Aetna was surety on the bond for $369,000. Berrall-Jasper Fence Company was a subcontractor under a subcontract with Edrow dated November 9, 1964, for certain fence work required by the job.

The case was fully tried on the merits. An attack was made on the jurisdiction of the Court to hear this controversy which requires a careful review of the procedure followed in initiating this suit.

Suit was filed May 3, 1966. Prior to suit, plaintiff's counsel wrote the Board of Commissioners under date of April 23, 1966, submitting the appropriate

form of affidavit as provided by the Code and stating as follows:

"I represent the Berrall-Jasper Fence Company, a subcontractor to Edrow Engineering Company, Inc. who is the prime contractor with the District of Columbia under the above-listed contract for Improvements to the National Zoo, Phase II.

"More than six months have elapsed since the acceptance of the work performed by my client and no suit has been filed by the District of Columbia in this regard. At this time, therefore, I am attaching the affidavit of Mr. Jones D. Jasper and requesting that you furnish a certified copy of the contract and bond for Edrow Engineering in order that my client may pursue this action in accordance with Sec. 1–804, D.C. Code.

"Thank you for your prompt consideration of this application."

On April 26, 1966, the Commissioners responded by form letter, furnished the Performance and Payment Bond and stated: "If we can assist you in any other way, please do not hesitate to contact us." (Pl.Ex. No. 12.) A certified copy of the contract was not transmitted because counsel for plaintiff, on learning of the cost of certification, determined the expense not justified and the contract unnecessary to the prosecution of plaintiff's case.

The evidence showed that on September 28, 1965, Edrow, in requesting a small progress payment, certified that the job was 99.9 percent completed and the Project Inspector and Area Engineer certified and endorsed the request as of October 1, 1965. It is stipulated and agreed between the parties that final settlement between the District of Columbia and Edrow occurred on September 1, 1967. See, generally, District of Columbia for Use and Benefit of James McHugh Construction Co. v. Rodney, D.C., 219 F.Supp. 192 (1963); United States Casualty Co. v. District of Columbia to Use of North

American Cement Corporation, 71 App. D.C. 92, 107 F.2d 652 (1939).

The complaint recited,

"4. Said contract between Edrow Engineering Company, Inc. and the District of Columbia has been completely performed and final settlement thereon has been accomplished between those parties."

Defendants' answer denied this allegation. Defendants, in answering the complaint, also set out a Fourth Defense, to wit:

"Since the project has not been approved by the District of Columbia, the right of action, if any, of the plaintiff is premature."

No preliminary motion to dismiss on this ground was filed. The pretrial occurred January 18, 1968, and trial commenced February 29, 1968. Edrow pressed other defenses at the pretrial, but did not assert the Fourth Defense. Defendants moved to dismiss on grounds of prematurity at the conclusion of the plaintiff's case and again at the conclusion of the proofs.

Title I, Sec. 804 of the District of Columbia Code contains several pertinent provisions.

*First*: The District, which is given priority on any claims against the surety, has six months from completion and final settlement to bring suit and thereafter subcontractor creditors may apply to the District for certified copies of the contract and bond and, upon receipt, may bring suit in the name of the District.

*Second*: When suit is filed by a subcontractor creditor it shall not be commenced until after the completion and final settlement of said contract, and must be commenced within one year thereof.

*Third*: When suit is instituted, personal notice shall be given to all known creditors in addition to notice by publication.

None of these provisions has been satisfied.

The correspondence between plaintiff's counsel and the District put the District on notice. If it were only a question of the District asserting its priority rights under the Code, the District may well have waived its rights by its response to plaintiff's counsel. Indeed, it appears unlikely from the proofs that the District will assert any claim against the defendants under the Code.

The final settlement date, however, must also be considered in relation to its jurisdictional effect on other aspects of a suit of this kind which may be illustrated by developments in this very case. The Code contemplates a single action with claims of subcontractors being prorated if the bond is not sufficient. Here suit was filed about fifteen months before final settlement and no notice was given to other creditors by either party. As a consequence, other creditors are not before the Court and had no notice. One creditor, Kennedy Electric Company, Inc., having just learned of the suit by chance, moved to intervene during the course of the trial. To permit Kennedy to intervene would disrupt the entire progress of the case for the issues as to it have not been subjected to discovery or pretrial and some witnesses already heard would have to be recalled. If intervention were allowed other creditors might understandably follow the same course and further uncertainty and confusion would result.

 In the normal case, the entire scheme for orderly procedure contemplated by the Code can only be achieved if subcontractor claimants observe the clear directive of the Code and no suit is filed until six months after final settlement. Cf. Aetna Casualty and Surety Co. v. Circle Equipment Co., 126 U.S. App.D.C. 275, 377 F.2d 160, April 3, 1967. The appropriate procedure is then for personal notice and notice by publication to be given to other potential creditors. While the Code is silent on the question, the obligation to give personal notice must be the prime contractor's, since he alone has knowledge of the identity and whereabouts of the various subcontractors. If such notice is not given, it would seem that the prime contractor should not be permitted to take advantage of the "one action" provision of the Code when later sued by a subcontractor without actual notice. The burden and expense of notice by publication should reasonably be borne by the plaintiff subcontractor.

██ No case of this kind should be permitted to come out of pretrial in the future without the Pretrial Examiner being satisfied that all appropriate notice has been given in reasonable time for applications to intervene to have been made. In this connection, the preferred procedure for defendant to follow where the issue of prematurity is raised in the future is to proceed by motion before trial, unless extremely complicated factual issues as to date of completion or final settlement are presented. The District of Columbia has a responsibility to answer all questions from interested parties and to assist them when uncertainties as to date of final settlement may arise.

 In reaching this conclusion as to the meaning and effect of the Code, the Court is not unmindful of the doctrine that the provision "shall be liberally construed in aid of the evident public object—security to those who contribute labor or material for public works." Humphreys & Harding, Inc. v. District of Columbia etc., 110 App.D.C. 311, 293 F.2d 150 (1961). Where, however, rights are attempted to be asserted before the Code recognizes they have matured and the consequent effect is to prevent orderly and effective disposition of all claims and to impede the work of the Court, strict regard for Code provisions authorizing suit and governing the creation of jurisdiction in the Court seems essential.

The questions here presented are of first impression. Decisions cited relate mainly to late filings by creditors. District of Columbia v. American Excavation Co., D.C., 64 F.Supp. 19 (1946).

Such decisions as there are dealing with prematurity in the initiation of the litigation appear to support the principal conclusion here reached. Aetna Casualty and Surety Co. v. Circle Equipment Co., 126 U.S.App.D.C. 275, 377 F.2d 160, April 3, 1967.

The complaint will be dismissed without prejudice or costs to either side. The motion to intervene filed by Kennedy Electric Company, Inc., is denied. Nothing in the foregoing is to be considered as passing on the merits of any aspect of the plaintiff's claim. Counsel will submit an appropriate order within one week.