## C. I. T. CORPORATION v. UNITED STATES.

Circuit Court of Appeals, Tenth Circuit.
January 29, 1930.

Rehearing Denied February 17, 1930.
No. 115.

Bryan Allen, of Kansas City, Mo. (Allan R. Browne, of Kansas City, Mo., on the brief), for appellant.

Alton H. Skinner, Asst. U. S. Atty., of Topeka, Kan. (Al F. Williams, U. S. Atty., and L. E. Wyman, Asst. U. S. Atty., both of Topeka, Kan., on the brief), for the United States.

Before LEWIS, COTTERAL, and PHILLIPS, Circuit Judges.

COTTERAL, Circuit Judge. This appeal is brought by the C. I. T. Corporation to reverse an order denying its claim to a Reo coupé, upon intervention in a criminal prosecution commenced by information, on October 2, 1928, against Calvin H. Humberd, wherein he was charged with the commission of the two offenses of possession of intoxicating liquor and transporting it in that coupé, on September 27, 1928, pleaded guilty, was fined on the first count and sentenced to jail on the other count with terms of probation, and at the same time it was ordered that the coupé be delivered to the marshal for advertisement and sale, with leave to all persons to appear and assert their claims to it.

The appellant intervened in the proceeding, and sought, by virtue of a written contract executed and recorded on April 21, 1928, between the Kritzler Motor Company and Ernest L. Smith, assigned concurrently by indorsement thereon to the appellant, to recover possession of the coupé, or enforce a mortgage lien upon it for $1,035.35, with attorney's fees and interest, as the balance due upon the contract.

The contract purports to be for the conditional sale of the coupé by the Kritzler Motor Company, of Kansas City, Kan., to Ernest L. Smith, to be kept at that city, and to be paid for in 18 monthly installments, and it provides that, if they should not be paid when due, or the coupé should be used for bartering, storage, or transportation of intoxicating liquors, the whole debt should mature, and the seller might take possession of the coupé, crediting the payments as liquidated damages for the use of it, or sell it and credit the proceeds on the debt.

The intervener alleged that there was a breach of the mortgage terms if intoxicating liquors had been transported in the coupé, that $1,035.35 stood unpaid on the debt, that the coupé was not worth the balance due;

and prayed for the possession of it or the balance of the mortgage debt, with attorney's fees and interest. An answer was filed, admitting the execution and recording of the contract, and alleging that the sale of the coupé was made to Humberd, alias Smith, with knowledge on intervener's part that he had been convicted of violating the National Prohibition Act (27 USCA), that he was a questionable character who would use the coupé for transporting liquors, and that the intervener had refused a loan on the car because of the fact and was not an innocent claimant. The intervener replied with a general denial.

The controversy was heard on December 5, 1928, upon the evidence of the parties, and on February 5, 1929, relief was denied to the intervener, without findings of fact. The trial judge, however, filed a memorandum, expressive of his views upon the facts and the law applicable, and condemned the sale transaction. United States v. Humberd (D. C.) 30 F.(2d) 413.

The National Prohibition Act, section 40, tit. 27, U. S. Code (41 Stat. 315, tit. 2, § 26 [27 USCA § 40]) provides that, if a vehicle is seized when used to transport intoxicating liquors, the court, "unless good cause to the contrary" is shown by the owner, shall order a sale of the vehicle and pay liens established as bona fide and created without the lienor having any notice it was being or was to be used for the illegal transportation of liquor. In United States v. One Ford Coupé, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025, seizures under the Revenue and Prohibition Acts were distinguished, and the court ruled (page 325 of 272 U. S., 47 S. Ct. 156, 71 L. Ed. 279, 47 A. L. R. 1025) that under the latter "the interests of those who are innocent are not forfeited," and (page 332 of 272 U. S., 47 S. Ct. 158, 71 L. Ed. 279, 47 A. L. R. 1025) "the forfeiture of the vehicle extends only to the interests of those who share in his [the offender's] guilt by having notice that it was to be used for the illegal purpose."

The contract partakes of the nature both of a conditional sale contract and a chattel mortgage. The Supreme Court of Kansas has held that the difference is theoretical but not practical, and that a conditional sale contract in that state, since the enactment of the Recording Act, effects a security, on the same basis as a chattel mortgage. Christie v. Scott, 77 Kan. 257, 94 P. 214. The intervener refers to the contract as a mortgage and claims a balance due on a mortgage debt, which is evidenced by a note in form an unconditional obligation. We likewise classify the contract. The result is the intervention is equitable in character, being designed to enforce a lien, and this answers the objection that the evidence is not open to review, in being approved as in equity cases and not settled in a bill of exceptions.

The evidence shows the Kritzler Motor Company, of which S. H. Kritzler was the proprietor, was engaged in selling cars on deferred payments, and the intervener bought the paper offered to it if it approved the credit, and otherwise the sale failed. In this case, the intervener accepted and bought from Kritzler the proposed note and contract of Ernest L. Smith. Intervener knew Humberd had been convicted of violating the National Prohibition Act, and because of his "liquor activities" refused a credit to him in the purchase of a car, probably the Reo coupé in controversy, but intervener knew only Smith as the purchaser of the coupé, and did not know Humberd had been concerned in buying it from Kritzler, until informed by Humberd after the seizure. The contract stands as proof of a legitimate and valid transaction. The interest of intervener was therefore, when the credit was approved, a "good cause" for the return of the car, as it was acquired innocently and without notice the coupé was to be used illegally.

We are not in accord in holding the lien was then "created," although it was only tentative in Kritzler's hands. But, if it was not, it was when Kritzler took the contract for the sale. Missouri Investment Corporation v. United States (C. C. A.) 32 F.(2d) 511.

Kritzler also knew of Humberd's rejected credit and the cause of it, and necessarily knew the coupé was sold to both Humberd and Smith, from their joint application to buy it. Kritzler's salesman, without knowledge of Humberd's prior conviction, sold the coupé to both, on Smith's paper and responsibility, and likely because of Humberd's financial condition, possibly his "booze reputation." The salesman knew Humberd procured Smith to join in the purchase to obtain the credit and that Humberd was the real purchaser, for the price of $1,835, turning in another car at $585, and paying a balance of $26. But there is a dearth of evidence to show that either Kritzler or his agent had knowledge or intimation from any source or were put on notice that the coupé would be used for transporting liquor.

, We conclude, without more definite proof, that whether the lien interest in question arose when Kritzler made the sale, or when the intervener acquired the paper, that interest was "good cause" for the return of the coupé, and it was "created" without guilty notice. Giving due weight to the views of the trial judge, we conclude the evidence requires a disposition of the case in intervener's favor.

 The intervener is therefore entitled to be awarded the possession of the coupé, as its value is shown to be less than intervener's claim, or, if the coupé has been sold, intervener should recover the net proceeds of sale, but, if they exceed intervener's claim, the excess should be paid into the Treasury of the United States, as provided by the National Prohibition Act.

The order of the District Court is reversed, and this proceeding is remanded to that court, with direction to enter an order in accordance with this opinion.

PHILLIPS, Circuit Judge, concurs in the result.