### DE RUIZ v. DE RUIZ et al.
#### No. 6653.

United States Court of Appeals for the District of Columbia.

Argued Nov. 12, 1936.

Decided Dec. 21, 1936.

Leo A. Rover, of Washington, D. C., for appellant.

Thomas Morton Gittings, of Washington, D. C., for appellee.

Before MARTIN, C, J., and ROBB, VAN ORSDEL, GRONER, and STEPHENS, JJ.

**VAN ORSDEL, J.**

This appeal is from an order of the Supreme Court of the District of Columbia quashing a warrant commanding the United States Marshal to take possession of certain property, located in this District, alleged to belong to appellee, Rene A. De Ruiz, hereinafter referred to as defendant. The suit was brought under the provisions of the Act of Congress approved April 8, 1935, 49 Stat. 111, D.C.Code Supp. II, 1936, T. 29, §§ 304–318, entitled "An Act To provide for the conservation and settlement of estates of absentees and absconders in the District of Columbia, and for other purposes."

Plaintiff filed a bill in equity in the lower court, in which she alleged, in substance, that plaintiff and defendant were married and lived together in this District until September 15, 1931, when defendant deserted her without justification or excuse; that since October 14, 1932, he has contributed nothing to her support, although financially able to do so; that she has no other source of income; that on October 15, 1932, defendant absconded from the District of Columbia and has been continuously absent from the District since; that defendant is now living in Fairfax, Va., and that his object in absconding from the District was to evade his obligation to support the plaintiff; that defendant receives monthly approximately $260 as his share of the income from certain real estate located in this District, in which he owns an undivided interest in fee simple as tenant in common; that defendant is evading personal service of process by remaining outside the jurisdiction, and that unless a receiver is appointed, defendant will continue to collect the income therefrom, without making any provision for the support of plaintiff. Plaintiff prayed for maintenance money and for the appointment of a receiver.

A subpœna was issued and personally served upon defendant at Fairfax, Va., by the sheriff of Fairfax county. Defendant appeared specially and moved to quash the warrant on the ground that the court was without jurisdiction to issue the warrant, because defendant had not been continuously absent from the District for two years subsequent to October 15, 1932, and that the act of April 8, 1935, is not retroactive in its effect. In support of the motion, defendant submitted affidavits to the effect that he had been seen, talked with, and conducted business transactions in this District a number of times during the period between the date of his alleged absconding and the bringing of this action.

Plaintiff filed an affidavit in opposition to the motion, in which she did not deny that defendant may have been within the District during this period on various occasions, but alleged that he had continuously maintained his residence in the state of Virginia, and that while he may have temporarily visited the District from time to time, he had been continuously a resident of Virginia, and that she had been unable, during this period, though frequent attempts were made, to secure personal service on him.

The court below granted the motion and ordered the warrant quashed. From that order this appeal was taken.

It will be observed that the sole question raised is whether or not, in these circumstances, the defendant has been "without the District of Columbia continuously" since October 15, 1932, within the meaning of the act of April 8, 1935. The pertinent portion of the act reads as follows: "That if a person entitled to or having an interest in property in the District of Columbia has disappeared or absconded from the District of Columbia, and it is not known where he is, or if such person, having a wife * * * dependent to any extent upon him for support, has disappeared or absconded without making sufficient provision for such support, and it is not known where he is, or if his whereabouts is known and he has been without the District of Columbia continuously for two years or longer, * * * such wife, * * * may file a petition * * * praying that such property may be taken possession of and a receiver thereof appointed under the provisions of this Act." 49 Stat. 111, § 1, D.C.Code Supp. II, 1936, T. 29, § 304.

The only issue presented for our determination is the proper interpretation of the words "without the District of Columbia continuously." Plaintiff insists that these words should not be held to mean uninterruptedly and physically beyond the limits of the District of Columbia, but should be liberally construed as meaning continuously a legal nonresident. Defendant, on the other hand, insists that there is no room for construction of these words; that they are clear and unambiguous, and that Congress meant exactly what it said.

While it is the duty of the courts in interpreting legislation to ascertain, if possible, the intent of the Legislature, we must not overlook the general rule of statu-

tory construction that such intent is to be found in the language employed. United States v. Goldenberg, 168 U.S. 95, 103, 18 S.Ct. 3, 42 L.Ed. 394. When the words used are plain, they give meaning to the act, and it is neither the duty nor the privilege of the courts to enter speculative fields in search of a different meaning. Caminetti v. United States, 242 U.S. 470, 490, 37 S.Ct. 192, 61 L.Ed. 442, L.R.A. 1917F, 502, Ann.Cas.1917B, 1168. We think the language here involved is clear and unambiguous, and that the words "without the District of Columbia continuously" must be held to mean uninterruptedly and physically beyond the confines of the District.

■ It is contended, however, by plaintiff that a literal interpretation of this language would result in absurdity. She insists that it would be possible for an unscrupulous person to return to the District upon a single occasion within two years and thus evade the operation of the act. We are of opinion that even this absurdity is not sufficient to bring this case within the broad rule that a literal interpretation of statutory language may be rejected when the consequences of such interpretation would be absurd, unjust, or oppressive. Holy Trinity Church v. United States, 143 U.S. 457, 459, 12 S.Ct. 511, 36 L.Ed. 226; Baender v. Barnett, 255 U.S. 224, 226, 41 S.Ct. 271, 65 L.Ed. 597; Ozawa v. United States, 260 U. S. 178, 194, 43 S.Ct. 65, 67 L.Ed. 199.

In Sturges v. Crowninshield, 4 Wheat. 122, 202, 4 L.Ed. 529, Chief Justice Marshall announced the following rule which has been generally followed by the courts of this country: "Where words conflict with each other, where the different clauses of an instrument bear upon each other, and would be inconsistent, unless the natural and common import of words be varied, construction becomes necessary, and a departure from the obvious meaning of words, is justifiable. But if, in any case, the plain meaning of a provision, not contradicted by any other provision in the same instrument, is to be disregarded, because we believe the framers of that instrument could not intend what they say, it must be one in which the absurdity and injustice of applying the provision to the case, would be so monstrous, that all mankind would, without hesitation, unite in rejecting the application."

The difficulty which confronts the courts in their attempt to apply Marshall's rule and find justification for giving the words of a statute a meaning which literally they do not bear in order to escape absurd consequences, so nearly approaches the twilight zone between the exercise of judicial power and legislative power as to call for great care in avoiding usurpation of the latter.

In Crooks v. Harrelson, 282 U.S. 55, 59, 60, 51 S.Ct. 49, 50, 75 L.Ed. 156, the court, distinguishing the Holy Trinity Church decision, said: "It is urged, however, that, if the literal meaning of the statute be as indicated above, that meaning should be rejected as leading to absurd results, and a construction adopted in harmony with what is thought to be the spirit and purpose of the act in order to give effect to the intent of Congress. The principle sought to be applied is that followed by this court in Holy Trinity Church v. United States, 143 U.S. 457, 12 S.Ct. 511, 36 L.Ed. 226; but a consideration of what is there said will disclose that the principle is to be applied to override the literal terms of a statute only under rare and exceptional circumstances. The illustrative cases cited in the opinion demonstrate that, to justify a departure from the letter of the law upon that ground, the absurdity must be so gross as to shock the general moral or common sense."

■ We are not convinced that the absurdity in the literal interpretation of the language of the instant statute is so monstrous or so gross as to shock the general moral or common sense; moreover, at this point, we are confronted with another rule of construction which holds that in order to reject the literal interpretation of statutory language there must be something to make plain the intent of Congress that the letter of the statute is not to prevail. Treat v. White, 181 U.S. 264, 268, 21 S.Ct. 611, 45 L.Ed. 853; Crooks v. Harrelson, supra. There is nothing in the present statute to indicate that Congress intended it to apply to a person coming into the District at any time within two years from his departure.

Nor should we be controlled by the argument that hardship may result in this and similar cases from a strict interpretation of the words "without the District of Columbia continuously," since the language is plain and the courts must follow it. In Commissioner of Immigration v. Gottlieb, 265 U.S. 310, 313, 44 S.Ct. 528, 68 L.Ed. 1031, the court said: "The case, as the evidence shows, is one of peculiar and distressing hardship, and it is not unnatural that any appropriate canon of construction should be

laid hold of to justify a conclusion favorable to respondents. But if the plain words of the statute are against such a conclusion, leaving no room for construction, the courts have no choice but to follow it, without regard to the consequences."

While Congress in enacting this statute was obviously moved by a desire to provide for dependents of persons absconding from this District, we can find nothing in the act which indicates that it should have different application from that expressed in its language. The words "without the District of Columbia continuously" are not synonymous with "non residence." There is nothing upon which to pin an interpretation that would substitute the technical legal term "non resident" for the words "without the District."

The order is affirmed, with costs against the appellee Rene A. De Ruiz.