**GENERAL MOTORS ACCEPTANCE CORPORATION, a corporation, Appellant,**

**v.**

**ONE 1962 CHEVROLET SEDAN, Serial No. 21839 B 176897 and District of Columbia, Appellees.**

**No. 3254.**

District of Columbia Court of Appeals.

Submitted May 6, 1963.

Decided May 28, 1963.

1. Code 1961, § 16–403.

Norman E. Sill, Washington, D. C., for appellant.

Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, and Hubert B. Pair and David P. Sutton, Asst. Corporation Counsel, for appellees.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

Pursuant to Section 22–1505(c), D.C. Code, 1961, Supplement 1,[1] a motor vehicle on which appellant corporation had a lien was seized because it was used for gambling purposes in violation of the law. In the trial court proceeding against the automobile, appellant intervened, asserted its lien, and moved for surrender of the vehicle *in specie*. Upon denial of the motion, an order was entered forfeiting the vehicle to the District of Columbia and directing its sale by public auction. The lienor appeals.

The only contention on appeal is that lienor is entitled in equity to the transfer of the motor vehicle *in specie* because its sale by public auction would result in insufficient funds, after deduction of the auction costs, to fully discharge the lien, and the trial judge erred in his interpretation of the statute.

Appellant argues that the words, "shall be disposed of," as used in the statute, do not compel the trial court to disregard equitable principles and that in the exercise of proper judicial discretion a fair statutory interpretation directing transfer *in specie* in lieu of sale by public auction would avoid forfeiture of a substantial monetary interest of the lienor. The answer is that, when the language of the stat-

---

1. The pertinent part of the Code section reads: " * * * *Provided*, That if there be bona fide liens against the property so forfeited, then such property *shall be disposed of by public auction*. The proceeds of the sale of such property shall be available, first, for the payment of all expenses incident to such sale; and, second, for the payment of such liens; and the remainder shall be deposited in the Treasury of the United States to the credit of the District of Columbia. To the extent necessary, liens against said property so forfeited shall, on *good cause* shown by the lienor, be transferred from the property to the proceeds of the sale of the property." (Emphasis added.)

ute is clear and the intention is plain, the court must apply the statute as it stands even if the consequence is hardship or injustice.[2]

Appellant does not challenge the constitutionality of the statute nor the legality of the forfeiture and concedes that, if the vehicle could be sold at auction for an amount in excess of its bona fide lien,[3] it would not be entitled to the vehicle *in specie*.

■ We find no basis in the plain words of the law which would allow an alternative procedure after forfeiture. In construing a statute the primary rule is to ascertain and give effect to legislative intent and to give legislative words their natural meaning. Should effort be made to broaden the meaning of statutory language by mere inference or surmise or speculation, we might well defeat true congressional intent.[4]

In C. I. T. Corporation v. United States, 10th Cir., 37 F.2d 890 (1930), the lienor under similar facts was held entitled to the return of the car, but this case arose under the National Prohibition Act, 27 U.S.C. § 40 (41 Stat. 315, title 2, section 26), which provided that if a vehicle was seized when used to transport intoxicating liquors, the court, "unless good cause to the contrary"

be shown by the owner, shall order a sale of the vehicle and pay bona fide liens created without the lienor having notice that the car was being or was to be used for the illegal transportation of liquor. Acquisition, in good faith, of a note and contract on the vehicle was held to be "good cause" so as to entitle the lienor to the car when its value was shown to be less than the lienor's claim.

■ No such alternative procedure was contemplated or included in our statute. Its objective is to subject the vehicle of the guilty to forfeiture and sale, but, at the same time, to reduce hardship to the innocent lienor by allocating toward the discharge of the lien the proceeds of sale after costs. Where the language admits of no more than one meaning, the duty of interpretation does not arise.[5]

We rule that, absent ambiguity in the statutory language and uncertainty in legislative intent, the trial court was correct in enforcing the statute in accordance with its plain terms. If this procedure appears harsh under the facts of the present case, the remedy lies with Congress, not with the courts.

Affirmed.

2. Bate Refrigerating Co. v. Sulzberger, 157 U.S. 1, 15 S.Ct. 508, 39 L.Ed. 601; Fur Workers Union, Local No. 72 v. Fur Workers Union, 70 App.D.C. 122, 105 F.2d 1, aff'd 308 U.S. 522, 60 S.Ct. 292, 84 L.Ed. 443; District of Columbia v. Mt. Vernon Seminary, 69 App.D.C. 251, 100 F.2d 116; Cave v. District of Columbia, 67 App.D.C. 138, 139, 140, 90 F.2d 383.

3. It is not disputed that a sale at public auction, after deduction of the costs thereof, would yield an amount insufficient to fully pay off the lien.

4. De Ruiz v. De Ruiz, 66 App.D.C. 370, 88 F.2d 752; Kurtz v. Capital Wall Paper Co., D.C.Mun.App., 61 A.2d 470, 471.

5. Brotherhood of Locomotive Firemen & Enginemen v. Interstate Commerce Comm., 79 U.S.App.D.C. 318, 147 F.2d 312, cert. den. 325 U.S. 860, 65 S.Ct. 1196, 89 L.Ed. 1981; Hengesbach v. Hengesbach, 73 App.D.C. 1, 114 F.2d 845.