**Rena HARRISON, Appellant,**

v.

**J. H. MARSHALL & ASSOCIATES, INC.,
Assignee of Melvyn Friedman,
Inc., Appellee.**

**No. 5375.**

District of Columbia Court of Appeals.

Argued Oct. 12, 1970.

Decided Dec. 3, 1970.

Joel J. Rabin, Washington, D. C., for appellant.

S. Michael Pincus and Marvin E. Perlis, Washington, D. C., entered appearances for appellee but filed no brief.

Before GALLAGHER and NEBEKER, Associate Judges, and QUINN, Associate Judge, Retired.

QUINN, Associate Judge, Retired:

Appellant and Melvyn Friedman, Inc., a licensed real-estate broker, entered into a lease for the premises known as 2204 Prout Street, S.E., Apt. 1, at a monthly rent of $75. The appellant, lessee, failed to make rent payments for the period from November 1968 to May 1969. In February 1969, Melvyn Friedman, Inc., lessor, assigned appellant's account to appellee, a collection agency, pursuant to an agreement whereby appellee would receive a percentage of the amount collected. In May 1969, after appellant vacated the premises, appellee filed this action against appellant. Appellee was assigned the account before the end of the lease and seeks to collect the money owing thereunder both before and after the date of assignment.

On the date of trial, the parties stipulated to the following: (1) Appellee was the assignor [sic] of Melvyn Friedman, Inc.; (2) Appellant owes Melvyn Friedman, Inc. $375 in unpaid rent for the premises involved; (3) Appellee is not and never has been a

licensed real-estate broker; (4) Melvyn Friedman, Inc. is a licensed real-estate broker and was so at the time this cause of action arose; and (5) Appellee is acting as agent for Melvyn Friedman, Inc. pursuant to an agreement whereby it receives a percentage of the amount collected. After consideration of the memoranda submitted by the parties, the trial court entered a finding for appellee in the amount of $375 plus interest. This appeal ensued.

■ Appellant's sole contention on appeal is that appellee is barred from bringing suit to collect rents under the provisions of the Real Estate and Business Brokers' License Act, D.C.Code 1967, § 45–1401 et seq. Based on her interpretation of the Act, she makes two claims: (1) A person or corporation *acting* as a real-estate broker must have a broker's license in order to bring suit pursuant to such actions; and (2) Appellee is acting as a real-estate broker in its attempt to collect unpaid rent and is precluded from bringing suit since it admittedly does not have a broker's license.

We are presented solely with a question of law; *i. e.*, an interpretation of D.C. Code 1967, § 45–1401 et seq., and its application to the facts of this case. It is our determination that appellant is correct in her interpretation of the relevant statutory provisions and we, therefore, reverse the holding of the trial court.

The purpose of the Real Estate and Business Brokers' License Act is to "protect the public against fraud in real-estate transactions." Its protection encompasses virtually every transaction involving real estate, other than those specifically exempted, and subjects those engaged to licensing requirements and a regulated standard of conduct. It is clear that the Act makes it unlawful for any corporation to *act* as a real-estate broker without first securing a license.[1] The statute also prohibits any corporation engaged in real-estate activities from bringing a suit based on such activities unless it has acquired a real-estate license.[2]

Appellant contends that appellee's actions to collect the unpaid rent falls within those defined activities regulated by the Act. We agree that the language of the Act is clear in including these actions. Appellee stipulated that it was engaged in collecting rent for another for the use of real estate and for a valuable consideration. This activity is clearly defined by the Act as a broker's activity requiring a license by one engaging in such.[3] Since appellee has also stipulated that it does not have a broker's license, it is precluded from bring-

---

1. D.C.Code 1967, § 45–1401 provides in pertinent part:
 [I]t shall be unlawful in the District of Columbia for any person, firm, partnership, copartnership, association, or corporation * * * to act as a real-estate broker * * * or to advertise or assume to act as such, without a license issued by the Real Estate Commission of the District of Columbia.

2. D.C.Code 1967, § 45–1407 provides in pertinent part:
 No person, firm, partnership, copartnership, association, or corporation engaged in the business or acting in the capacity of a real-estate broker * * * within the District of Columbia shall bring or maintain any action in the courts of the District of Columbia for the collection of compensation for any services performed as a real-estate broker * * * or enforcement of any

contract relating to real estate without alleging and proving that such person, firm, partnership, copartnership, association, or corporation was a duly licensed real-estate broker * * * at the time the alleged cause of action arose.

3. D.C.Code 1967, § 45–1402 provides in pertinent part:
 Whenever used in this chapter "real-estate broker" means any person, firm, association, partnership, or corporation * * * who, for another and for a fee, commission, or other valuable consideration, or who, with the intention or in the expectation or upon the promise of receiving or collecting a fee, commission, or other valuable consideration * * * *collects or offers or attempts or agrees to collect rent or income for the use of real estate* * * *.

ing suit pursuant to its collection activities by D.C.Code 1967, § 45–1407, unless it is otherwise exempted by the Act[4] or a congressional intent to the contrary is found.

Although D.C.Code 1967, § 45–1402 contains exemptions to the licensing requirement, appellee fails to qualify thereunder. The exemptions do not include an independent collection agency working on a collection fee basis.

Remaining for consideration is appellee's contention before the trial court that Congress did not intend to bar suit by appellee in the case at bar. It contended that the suit was merely one to *collect a debt* for rent due from a tenant who has vacated the leased premises, rather than a systematic engagement by the appellee in the real-estate business. It is emphasized that the dealings between Melvyn Friedman, Inc., and appellant have terminated and that appellant, as lessee, has vacated the premises. Appellee contends that the Act's stated purpose of preventing fraudulent practices by those engaged in the business or acting in the capacity of real-estate brokers neither contemplates nor includes the isolated transaction of rent collection in the case at bar.

 We are unpersuaded by appellee's argument. To yield to appellee's contention would allow a significant part of the real-estate brokerage business to go unregulated and would allow licensed brokers to obtain profits and escape scrutiny of such activities merely by assigning leases to a separate collection agency. There is also evidence to indicate that the present case is not an isolated occurrence, but represents a standard practice by appellee to maintain such suits. Moreover, we have found no legislative intent supporting a construction in opposition to the natural meaning of the words of the statute. To the contrary, definitions in regulatory statutes designed to prevent fraud are generally construed broadly and liberally. Verona v. Schenley Farms Co., 312 Pa. 57, 167 A.

317 (1933). See also Wickersham v. Harris, 313 F.2d 468 (10th Cir. 1963); Eberman v. Massachusetts Bonding & Ins. Co., D.C.Mun.App., 41 A.2d 844 (1945). Barring a finding of contrary legislative intent, the literal interpretation of the statutory language is conclusive. Kurtz v. Capital Wall Paper Co., D.C.Mun.App., 61 A. 2d 470 (1948); De Ruiz v. De Ruiz, 66 App.D.C. 370, 88 F.2d 752 (1936). In accordance with such interpretation it is clear that appellee was acting as a broker, did not have a broker's license, and, consequently, was barred by the statute from bringing suit. Accordingly, the judgment of the court below is reversed and the case is remanded with instructions to dismiss the complaint.

---

4. *See* Metzler v. Edwards, D.C.Mun.App., 53 A.2d 42 (1947).