**KELLY ADJUSTMENT CO., a corporation, Appellant,**

v.

**James BURTON, Appellee.**

No. 5658.

District of Columbia Court of Appeals.

Argued May 18, 1971.

Decided June 22, 1971.

————◆————

Bernard D. Lipton, Silver Spring, Md., for appellant.

David E. Blabey, Washington, D. C., with whom David S. Raycroft, Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, and KELLY and FICKLING, Associate Judges.

FICKLING, Associate Judge:

This is an appeal from the dismissal of a complaint filed by a collection agency (appellant) seeking payment of rent allegedly owed by appellee. The trial court relied on our decision in Harrison v. J. H. Marshall & Associates, D.C.App., 271 A.2d 404 (1970). That opinion, however, does not govern the situation here and therefore we reverse.

In the instant case the Dravillas Real Estate Company leased premises to the appellee, who failed to pay rent allegedly due from March 1, 1968, until May 22 of that year. On May 22 appellee was evicted. On June 12, 1968, Dravillas assigned its claim for rent to the appellant, a collection agency. Appellant, which does not have a real-estate broker's license, filed this suit.

In the Harrison case, we held that the collection agency was acting as a real-estate broker as defined in D.C.Code 1967, § 45–1402 and, since it was not licensed as a broker, D.C.Code 1967, § 45–1407 prohibited the filing of a suit for rent. In that case, however, there was an existing landlord-tenant relationship on the date of assignment and the assignment was for rents yet to accrue as well as for past due rent; the lease was still in effect when the collection agency filed its suit. In this case the landlord-tenant relationship terminated prior to the assignment to the collection agency. Though, technically, rent is being collected, in reality the appellant is merely attempting to collect a debt. Since its conduct in no way relates to, nor did it ever relate to, an existing landlord-tenant relationship, it is improper to subject the collection agency to the Real Estate and Business Brokers' License Act.

Reversed.