**Charles R. HARMAN, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 8714.

District of Columbia Court of Appeals.

Argued Dec. 4, 1975.

Decided Feb. 5, 1976.

David J. Frantz, Washington, D.C., appointed by this court, with whom John A. Keats, Washington, D.C., also appointed by this court, was on the brief, for appellant.

Hamilton P. Fox, III, Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., John A. Terry, Stuart M. Gerson and Roger C. Spaeder, Asst. U. S. Attys., Washington, D.C., were on the brief, for appellee.

Before NEBEKER, YEAGLEY and MACK, Associate Judges.

PER CURIAM:

This appeal arises from a judgment of the Superior Court after a jury trial finding appellant guilty as indicted of first degree burglary while armed (D.C. Code 1973, § 22–1801(a)) and not guilty by reason of insanity of second degree murder (D.C.Code 1973, § 22–2403) and assault with intent to commit rape while armed (D.C.Code 1973, §§ 22–501 and 3202). Appellant contends that the evidence was insufficient to establish first degree bur-

glary because the finding of not guilty by reason of insanity negated the requisite intent and compelled the same finding on that count. He also contends that the issue of insanity was improperly presented to the jury (1) through an instruction that the evidence on insanity should be considered separately as to each offense, and (2) through the use of a special verdict form.[1] We disagree.

On the morning of July 31, 1973, the body of a young woman was discovered in her apartment by her employer who had become concerned because she had not reported for work. The woman had been brutally beaten, cut, and stabbed to death with a number of wounds having been inflicted after death. Appellant, who had sent the woman obscene letters requesting a date and who had been seen on the porch of her apartment house the evening of her murder, was arrested. A search of appellant's locker at the nearby Marine Corps barracks revealed bloodstained clothing and a bloodstained knife. Appellant later wrote a ten-page statement confessing to the murder.

■ Appellant sustained the burden of proof on nonresponsibility by a preponderance of the evidence (D.C.Code 1973, § 24–301(j) on assault with intent to commit rape and second degree murder. He failed to do so, however, with respect to first degree burglary. We hold that on this record there is nothing inherently inconsistent with this determination because the jury was required to consider the appellant's state of mind at two different times on the night of the crime, namely, when he entered the apartment at approximately 10:30 p.m., and when he assaulted and killed the victim about one hour later.

There was an adequate basis for the jury decision that, at the time he entered her apartment, appellant had the necessary mental capacity for burglary, *viz.,* an intent to commit a criminal offense therein (here, assault). On the basis of the record before us, the jury could determine that he had the capacity for choice and control when he entered the victim's apartment but that he then lost that capacity when he killed her. *Taylor v. United States,* 95 U.S.App.D.C. 373, 222 F.2d 398 (1955).

The evidence revealed that appellant suffered from a severe personality disorder that caused him on occasion to dissociate when his sexual advances were rejected.[2] As a result of this dissociative state, all of his repressed anger toward women surfaced. The defense psychiatrist testified that while appellant was in this state, he did not have the capacity for choice or control. Testimony reveals that at the time appellant decided to rape the victim, he was not in a dissociative state. The jury could reasonably infer from the evidence that at the time appellant entered the victim's apartment (armed with a knife he had recently purchased), he had the intent to rape her and that he also possessed the requisite mental capacity for culpability.

Accordingly, the jury could reasonably conclude that when appellant entered the victim's apartment, he was not in a dissociative state and that he had the necessary intent with capacity for choice and control to be guilty of first degree burglary while armed, but that he did not have that capacity when he killed her because of a then-dissociative condition. "[I]t is for the jury, not the judge, to decide whether a given psychiatric diagnosis, if accepted, brings the accused within the legal defini-

---

1. The trial court did not err in requiring the jury to make a separate determination of the defendant's sanity on each count for which he had been found guilty. The evidence introduced at trial supported a multiple-offense charge. Our review of the record does not reveal that use of a special verdict form could have in any way confused the jury or prejudiced the accused.

2. There was no evidence to support the conclusion that he always dissociated when rejected. A former girl friend testified that when she refused his sexual advances, he became violent but then regained control and apologized.

tion of insanity." *Taylor v. United States, supra* at 379, 222 F.2d at 404.

The judgment of conviction is

*Affirmed.*