Melvin L. BANKS, Appellant,

v.

UNITED STATES, Appellee.

No. 9115.

District of Columbia Court of Appeals.

Argued Feb. 5, 1976.

Decided June 16, 1976.

Robert E. McMillen, Washington, D. C., appointed by the court, for appellant.

Richard A. Graham, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry, Stuart M. Gerson and Craig M. Bradley, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before KELLY, NEBEKER and YEAGLEY, Associate Judges.

KELLY, Associate Judge.

Appellant was convicted by a jury of two counts of receiving stolen property (D.C.Code 1973, § 22–2205), one count of forgery and one of uttering (D.C.Code 1973, § 22–1401).

Before trial appellant had requested the trial judge to civilly commit him in lieu of prosecution pursuant to Title I of the Narcotic Addict Rehabilitation Act (NARA) of 1966, 28 U.S.C. § 2901 et seq. (1970), and the trial judge had ruled that since 28 U.S.C. § 2902(a) (1970) granted such power only to United States district courts, he lacked jurisdiction to grant appellant's request. Appellant's alternate request that the proceedings be transferred to the United States district court for a ruling on his motion was also denied. On this appeal it is contended that the initial ruling on the question of jurisdiction was in error, but if that ruling were correct, then the denial of transfer was erroneous. Additionally, appellant contends that the trial judge erred in admitting into evidence certain handwriting exemplars; that he erred in not giving a requested cautionary instruction concerning alleged prejudicial statements in closing argument, and that the evidence was insufficient to support the convictions of receiving stolen property.

The government's evidence at trial was that complainant's purse was stolen from her on a crowded stairway on December 21, 1973; that the purse contained her personal checkbook and her Christmas bonus check; and that she had seen appellant dressed in female attire on the stairway that day. Her employer also saw appellant, whom he knew, on the stairway. A bank teller identified appellant as the person who, on December 28, 1973, cashed both complainant's bonus check and one of her personal checks and who later, on December 31, attempted to cash a check for the balance remaining in complainant's account. On both occasions appellant was dressed as a female. On December 31, because the checks had been reported stolen, the teller notified his superiors and appellant was detained for the police. Finally, an expert witness compared appellant's signature on the personal checks with examples of appellant's handwriting and gave as his opinion that appellant had written and signed the personal checks. After the government's presentation, the defense rested.

■ Appellant argues to this court, as he did to the trial court, that Title I of NARA was intended to apply to a class of persons of which he is a member, i. e., narcotic addicts who are eligible individuals under 28 U.S.C. § 2901(g). He points out that when NARA was passed in 1966 felony violations of the D.C.Code were prosecuted in the United States District Court for the District of Columbia and consequently, residents of the District of Columbia qualified for treatment in lieu of prosecution. With the passage of the District of Columbia Court Reform and Criminal Procedure Act [1] in 1970, jurisdiction over D.C.Code felonies was transferred to the Superior Court for the District of Columbia. Congress did not amend 28 U.S.C. § 2902(a), however, to include Superior Court within its grant of jurisdiction. Appellant claims this was an inadvertent oversight and that Congress could not have intended to deny residents of the District of Columbia the opportunity to seek from the local courts narcotic rehabilitation treatment in lieu of prosecution.

■ The pertinent language of 28 U.S.C. § 2902(a) reads:

If the United States district court believes that an eligible individual is an addict, the court may advise him at his first appearance or thereafter at the sole discretion of the court that the prosecution of the criminal charge will be held in abeyance if he elects to submit to an

---

1. Act of July 29, 1970, Pub.L. No. 91–358, 84 Stat. 473.

immediate examination to determine whether he is an addict and is likely to be rehabilitated through treatment. . . .

The government's position is that this language is clear and unambiguous; therefore, it would be a distortion of congressional intent to construe the term "United States district court" to include the Superior Court. The government is correct. As was stated in *General Motors Acceptance Corporation v. One 1962 Chevrolet Sedan,* D.C.App., 191 A.2d 140, 142 (1963):

> In construing a statute the primary rule is to ascertain and give effect to legislative intent and to give legislative words their natural meaning. Should effort be made to broaden the meaning of statutory language by mere inference or surmise or speculation, we might well defeat true congressional intent.
>
> \* \* \* \* \* \*
>
> Where the language admits of no more than one meaning, the duty of interpretation does not arise. [Footnotes omitted.]

Since the legislative intent is expressed clearly in the statute here under consideration, the trial court did not err in holding that it lacked jurisdiction to civilly commit appellant in lieu of prosecution.[2]

■■■ Appellant next contends that handwriting exemplars taken in 1965 were not properly authenticated and therefore it was error to admit them into evidence. Two sets of exemplars were introduced: the first exemplars, which were given to police by appellant on January 2, 1974, were admitted into evidence by stipulation; the second, which were from police files and dated December 8, 1965, were admitted over objection. Metropolitan Police Sergeant James E. Owens testified that his initials were on the latter exemplars which

meant that he had been present when they were taken. Officer Owens was unable to identify appellant as the person who had written the exemplars, but in addition to his initials, the exemplars were accompanied by information that the person who had written them was Melvin Lee Banks, who resided at 926 Longfellow Street and whose date of birth was August 4, 1945. The objection voiced to the admission of these exemplars was that there was not "sufficient evidence to tie that handwriting to the Defendant, Mr. Banks." They were admitted into evidence, however, after the prosecution noted that the name and date of birth on the exemplars were the same as those of the defendant.[3] This ruling was correct, for a determination on the admissibility of writing exemplars rests within the trial judge's sound discretion. As stated by the court in *United States v. Sutton,* 138 U.S.App.D.C. 208, 212–13, 426 F.2d 1202, 1206–07 (1969):

> Ordinarily, documentary evidence possesses no self-authenticating powers; unaided by an operable presumption, its reliability is not automatically assumed. The legal requirement obtaining in normal context is that its genuineness be shown independently before it is accepted as proof. . . .
>
> Indubitably, the sufficiency of a showing of authenticity of a document sought to be introduced into evidence is a matter residing in the sound discretion of the trial judge. As is always true with discretionary exercises, there are discernible limits which judges must not transcend, but the judge's assessment of admissibility is vulnerable only if the error is clear. The applicable test to determine error is not whether the evidence of genuineness induces a belief beyond a reasonable doubt that the document is the handiwork of its alleged drafter, but whether, if it is uncontra-

---

2. We also reject appellant's contention that the proceedings should have been transferred to district court. Appellant cites no persuasive statutory authority or case law to support this novel theory.

3. We note that the bail agency report, prepared on January 1, 1974, lists Banks' residence for the preceding twenty-three years as 926 Longfellow Street.

dicted, a reasonable mind might—though not necessarily would—fairly conclude favorably to the fact of authorship. . . . [Footnotes omitted.]

While *Sutton* dealt with the authenticity of writings which were admitted into evidence for purposes other than comparison, the standard on authentication is the same regardless of the purpose for which the writing is offered. Authentication simply means proof of authorship and in this case there was more than adequate proof that the exemplars had been written by appellant. We discern no abuse of discretion in the trial court's evidentiary ruling in permitting the exemplars in evidence.

 Appellant nonetheless contends that the common law rule which prohibited the determination of the genuineness of disputed handwriting to be made by comparing it with other handwriting of the party unless the writing which was unquestioned was in evidence for some other purpose[4] is still applicable in Superior Court. He is mistaken in this contention, however, since Congress by adoption of 28 U.S.C. § 1731 (1970)[5] eradicated this rule. Moreover, this court in *Williston v. Heritage Supply Company*, D.C.Mun.App., 155 A.2d 253, 255 (1959), explicitly adopted the modern rule that an admitted or proven signature may be allowed in evidence solely for the purpose of comparison with a disputed signature.

 Finally, we cannot accept appellant's contention that the government's evidence on the two counts of receiving stolen property was legally insufficient to withstand his motion for a judgment of acquittal. Basic to our conclusion is the recognition that

> a trial judge, in passing upon a motion for directed verdict of acquittal, must determine whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt.[6]

Also, we, just as the trial judge, must view the evidence in the light most favorable to the government.[7] Adhering to this admonition, and to the well-settled rule that the unexplained possession of recently stolen property is sufficient to sustain conviction of receiving stolen property, *Blue v. United States*, D.C.App., 270 A.2d 508 (1970),[8] we conclude that the evidence supports a finding of guilt beyond a reasonable doubt.

*Affirmed.*

---

4. This rule was stated in *Hickory v. United States*, 151 U.S. 303, 305, 14 S.Ct. 334, 38 L.Ed. 170 (1894).

5. 28 U.S.C. § 1731 (1970) provides:
   The admitted or proved handwriting of any person shall be admissible, for purposes of comparison, to determine genuineness of other handwriting attributed to such person.

6. *Curley v. United States*, 81 U.S.App.D.C. 389, 392, 160 F.2d 229, 232, *cert. denied*, 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850 (1947) (footnote omitted).

7. *Crawford v. United States*, 126 U.S.App. D.C. 156, 158, 375 F.2d 332, 334 (1967).

8. Appellant's claim with respect to the failure of the court to give a requested cautionary instruction is without merit.