Sylvester M. GILBERT, Appellant,

v.

UNITED STATES, Appellee.

No. 11527.

District of Columbia Court of Appeals.

Argued Sept. 13, 1978.

Decided Sept. 21, 1978.

Nan D. Hunter, Washington, D.C., appointed by the court, for appellant.

John R. Fisher, Asst. U. S. Atty., Washington, D.C., with whom Earl J. Silbert, U. S. Atty., and John A. Terry, Michael W. Farrell, and John W. Polk, Asst. U. S. Attys., Washington, D.C., were on the brief, for appellee.

Before KELLY, KERN and FERREN, Associate Judge.

PER CURIAM:

In a bifurcated trial, during the second phase of which appellant presented a defense of insanity, the jury found appellant guilty of assault with intent to commit rape. D.C.Code 1973, § 22–501.[1] The trial court sentenced him to prison for a period of three to nine years. Appellant now contends (1) that the trial court should have directed a verdict of not guilty by reason of insanity (or granted the defense motion for judgment notwithstanding the verdict), and (2) that the burden of proof of insanity should have been shifted to the government once the defense had introduced evidence that, at the time of the offense, he was under a continuing adjudication of insanity for a prior offense. We reject both arguments and thus affirm the conviction.

I.

On July 25, 1974, three weeks prior to the offense here, a federal district judge extended appellant's conditional release from confinement at St. Elizabeths Hospital, where he had been committed for a 1966 offense after a finding of not guilty by reason of insanity. At oral argument, counsel for appellant conceded that this federal court order, with its related findings, did not preclude de novo trial consideration of appellant's mental state three weeks later, on August 12, 1974, at the time of the attempted rape. *See Harman v. United States,* D.C.App., 351 A.2d 504, *cert. denied,* 429 U.S. 841, 97 S.Ct. 116, 50 L.Ed.2d 110 (1976). Counsel's point, in arguing that the trial court should have directed a verdict (or entered a judgment n. o. v.) for appellant on the insanity issue, is limited to a contention that the testimony of the government's witness, Dr. Smith, was too weak to present a jury issue when contrasted with defense evidence comprised of appellant's continuing adjudication of insanity and the expert testimony of Dr. Papish.

■ Even if we assume that the trial court can direct a verdict for a defendant on the insanity question, *see United States v. Tyler,* D.C.App., 392 A.2d 511 at 514–515 (1978), the evidence would have to be virtually conclusive, given that the defendant has the burden of proving insanity by a preponderance of the evidence. D.C.Code 1973, § 24–301(j); *see Bethea v. United States,* D.C.App., 365 A.2d 64 (1976), *cert. denied,* 433 U.S. 911, 97 S.Ct. 2979, 53 L.Ed.2d 1095 (1977). Viewing the evidence in the light most favorable to the government, as we must, *see Banks v. United States,* D.C.App., 359 A.2d 8 (1976), we conclude that a directed verdict or judgment n. o. v. would have been inappropriate. It is true that Dr. Smith based his opinion about appellant's mental status at the time of the crime substantially on observations of his behavior months later, in 1975. Nevertheless, the record also indicates that Dr. Smith had conferred in late 1974 with appellant and with other doctors who were familiar with appellant. Dr. Smith also had reviewed appellant's medical chart. We cannot say, on this record, that a reasonable juror could only have found that appellant carried his burden of proving insanity.

II.

■ Appellant next argues that "when the defendant proves that he was under a continuing adjudication of insanity at the time of the offense, the burden to prove sanity by a preponderance of the evidence should shift to the prosecutor and the jury should be so instructed." The problem with this argument is the statute, D.C.Code 1973, § 24–301(j), which in relevant part provides:

---

1. The jury acquitted appellant on a charge of first-degree burglary, D.C.Code 1973, § 22–1801(a), and on three counts of obstruction of justice, D.C.Code 1973, § 22–703.

"No person accused of an offense shall be acquitted on the ground that he was insane at the time of its commission unless his insanity, regardless of who raises the issue, is affirmatively established by a preponderance of the evidence." There is no room in this language for shifting to the government the ultimate burden to prove sanity. The most that a defendant can hope for would be an instruction that the continuing adjudication of insanity is enough for the defendant to carry his or her burden to prove insanity, § 24–301(j), absent government rebuttal.[2] It would follow, in a case where the government presented rebuttal evidence (as it did here with Dr. Smith), that a defendant would be entitled to an instruction that defendant has the burden of proving insanity by a preponderance of the evidence, and that the continuing adjudication of insanity is sufficient for that purpose unless government evidence suffices to raise enough doubt that defendant fails to carry this burden.

 Here, the trial judge essentially gave this latter instruction. He instructed that the jury could

> presume that the defendant was still insane when he committed these offenses [on August 12, 1974]. This presumption of insanity is not conclusive, however, and you should consider the . . . previous judgments of insanity along with all the other evidence presented in this case bearing upon the question of whether or not the defendant was suffering from a mental disease or defect as of the date of the crime. . . . Now, if the defendant has met this burden [insanity more likely true than not true], then you shall bring in a verdict of . . . not guilty by reason of insanity. If he has not met this burden, you shall bring in a verdict of guilty of the offense you found proved beyond a reasonable doubt.

We conclude that this instruction gave appellant the evidentiary benefit of the con-

tinuing adjudication of insanity to which he was entitled, consistent with his statutory burden of proof.

 To be sure, there are cases in other jurisdictions stating that an unvacated or continuing adjudication of insanity as of the date of the offense is sufficient to rebut the presumption of sanity, such that the government must assume the burden of proving sanity. *See People v. Kernanen,* 497 P.2d 8 (Colo.1972) (en banc); *Nilsson v. State,* 477 S.W.2d 592 (Tex.Cr.App.1972); *Geer v. State,* 184 Ga. 805, 193 S.E. 776 (1937). *Contra, People v. Glover,* 257 Cal. App.2d 502, 65 Cal.Rptr. 219 (1967). These decisions, however, are not premised on a statute or rule, such as D.C.Code 1973, § 24–301(j), assigning the ultimate burden of proof in all cases to the party who would establish insanity. *Bethea v. United States, supra.* Appellant's argument fails; there was no error, let alone plain error.[3] Accordingly, the judgment is

*Affirmed.*

---

**2.** We do not decide here whether a continuing insanity adjudication is enough to carry a defendant's burden; we assume so for the sake of argument.

**3.** Because appellant's second argument challenging the jury instructions was not made at trial, his conviction is reversible on that ground only upon a finding of plain error. *Watts v. United States,* D.C.App., 362 A.2d 706 (1976) (en banc).