**Homa Touhidi BAGHINI, Petitioner,**

v.

**DISTRICT OF COLUMBIA DEPART- MENT OF EMPLOYMENT SERVICES, Respondent,**

**Giant Food, Inc., and Aetna Casualty & Surety Company, Intervenors.**

No. 86–599.

District of Columbia Court of Appeals.

Argued Jan. 29, 1987.
Decided May 18, 1987.

---

Lynn R. Johnson, Washington, D.C., for petitioner.

Margaret D. Farthing, Rockville, Md., with whom James F. Jordan and David P. Durbin, Washington, D.C., were on brief, for intervenors.

James R. Murphy, Acting Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., entered appearances for respondent.

Before NEWMAN, BELSON, and TERRY, Associate Judges.

TERRY, Associate Judge:

Petitioner seeks review of a workers' compensation order of the Department of Employment Services which included an award of attorney's fees in the amount of $525.28, plus $37.81 in costs. Her request for a greater amount was rejected, on the ground that D.C.Code § 36–330(f) (1981) limits an attorney's fee award to twenty percent "of the actual benefit secured through the efforts of the attorney." Petitioner contends that this provision applies only to compensation awards to be paid by the claimant, not by the employer or carrier. We hold that the twenty percent limitation applies to all awards of attorney's fees, regardless of who must pay them. Accordingly, we affirm the order under review.

I

Petitioner, an employee of Giant Food, Inc., sustained a work-related injury to her back and was awarded $2,626.41 in compensation benefits covering a ten-week period of disability. Her counsel then filed a request for attorney's fees [1] with the Claims Processing Division of the Office of Workers' Compensation (OWC), seeking $1,121.25, plus $6.56 in costs, for work done before the OWC, and $1,365.00, plus $31.25 in costs, for representation before the Hearings and Adjudication Section (H & AS). The Claims Processing Division denied the request for a fee for work performed before the OWC, but approved the request for a fee for services before the H & AS, subject to the statutory limitation of twenty percent of the benefits secured for the claimant.[2] These rulings were upheld by a hearing examiner on an administrative appeal. Accordingly, in her proposed compensation order, the hearing examiner recommended that the fee payable to petitioner's attorney be limited to $525.28, which was twenty percent of the actual benefits ($2,626.41) secured through the attorney's efforts.[3] The proposed compensation order eventually became the final compensation order which is before us for review.

---

1. In any contested workers' compensation proceeding, D.C.Code § 36–330(a) (1981) authorizes the award of "a reasonable attorney's fee against the employer or carrier," to be paid directly to the attorney for the claimant after the compensation order becomes final.

2. D.C.Code § 36–330(f) (1981) provides:

 At no time shall an attorney's fee be approved in excess of 20 percent of the actual benefit secured through the efforts of the at-

torney. This provision applies to all benefits secured through the efforts of an attorney, including settlements provided for under this chapter.

3. Because the approved fee already exceeded twenty percent of the benefits secured, the examiner found it unnecessary to consider whether the denial of any fee at all for work before the OWC was reasonable. The request for costs, however, was approved in its entirety.

## II

Petitioner's main contention is that section 36–330(f) of the Code is inconsistent with section 36–330(a). Because of this asserted inconsistenency, she maintains that we should construe the statutory language as imposing a twenty percent limitation only when the claimant is responsible for the payment of attorney's fees. After considering the plain language of D.C.Code § 36–330 and the pertinent legislative history, we conclude that there is no inconsistency, and that section 36–330(f) limits any award of attorney's fees to twenty percent of the benefits secured regardless of whether they are paid by the employer, the employer's insurance carrier, or the claimant.

Section 36–330(f) states that "[a]t no time" shall an award of attorney's fees be approved "in excess of 20 percent of the actual benefit secured through the efforts of the attorney." [4] Petitioner asserts that this limitation is inconsistent—indeed, is in conflict—with the requirement in section 36–330(a) that an award of attorney's fees be "reasonable." Mindful of our duty to construe section 36–330 as a whole and give effect to all its provisions, we find no conflict and no inconsistency. Rather, we conclude that the twenty percent limitation reflects a legislative decision that any amount greater than that would be unreasonable.

Our "first step" in construing any statute is "to read the language of the statute and construe its words according to their ordinary sense and plain meaning." *United ed States v. Bailey*, 495 A.2d 756, 760 (D.C.1985) (citation omitted). Subsection (f) of section 36–330 could not be clearer: it imposes an absolute limit on all attorney's fee awards in contested workers' compensation cases. This court has often held, moreover, that it "must give effect to all of the provisions of [a statute], so that no part of it will be either redundant or superfluous." *Office of People's Counsel v. Public Service Commission*, 477 A.2d 1079, 1084

(D.C.1984) (citations omitted); *accord, e.g., Tuten v. United States*, 440 A.2d 1008, 1010 (D.C.1982) ("A statute should not be construed in such a way as to render certain provisions superfluous or insignificant" (citations omitted), *aff'd*, 460 U.S. 660, 103 S.Ct. 1412, 75 L.Ed.2d 359 (1983). If we were to accept petitioner's construction of section 36–330(f) as applying only to those fees assessed against the claimant, the words "at no time," as well as the main clause of the second sentence ("This provision applies to all benefits secured through the efforts of an attorney"), would be superfluous. Although the award of $525.28 in this case is distressingly low, the statute makes clear that no award may exceed the twenty percent limitation. "Barring a finding of contrary legislative intent, the literal interpretation of the statutory language is conclusive." *Harrision v. J.H. Marshall & Associates, Inc.*, 271 A.2d 404, 406 (D.C. 1970) (citations omitted).

Petitioner urges us to find such a "contrary" intent in the legislative history, arguing that a strict application of subsection (f) "would result in obvious injustice and absurd results." We agree that, even when a statute appears to be clear on its face, a review of the legislative history may reveal a latent ambiguity which the court must resolve. *See Peoples Drug Stores, Inc. v. District of Columbia*, 470 A.2d 751, 754 (D.C.1983) (en banc). In this instance, however, the legislative history confirms our reading of the statute and provides no support for appellant's interpretation. We find no ambiguity, latent or otherwise.

In construing the two subsections at issue here, we must at the same time give effect to the whole statute in light of its underlying objectives. *Carey v. Crane Service Co.*, 457 A.2d 1102, 1105 (D.C. 1983); *Don't Tear It Down, Inc. v. Pennsylvania Avenue Development Corp.*, 206 U.S.App.D.C. 122, 127–128, 642 F.2d 527, 532–533 (1980). The present workers' compensation act, D.C.Code §§ 36–301 through

---

**4.** The implementing regulation, 7 DCMR § 224.5 (1986), contains almost identical language.

36–344 (1981), was enacted in 1980 and went into effect in July 1982. *See* D.C. Code § 36–345 (1986 Supp.). Its overall objective was to reduce employer and carrier expenses resulting from workers' compensation claims, because "coverage and compensation under the prior law was unduly broad and generous." *Hughes v. District of Columbia Department of Employment Services*, 498 A.2d 567, 569 (D.C. 1985) (citation omitted). Rising insurance costs had placed District of Columbia businesses at a considerable economic disadvantage in relation to their competitors in the Maryland and Virginia suburbs, and the legislative history shows that the new act was designed to eliminate this disadvantage. *See* Council of the District of Columbia, Committee on Housing and Economic Development, Report on Bill No. 3–106, at 4 (January 29, 1980).

Petitioner is correct in stating that the legislative history also reveals that what is now D.C.Code § 36–330(a) was enacted to ensure that claimants would be able to obtain competent counsel, and to discourage dilatory action by insurance companies which had the effect of forcing an injured employee to settle for less than the statutory rate of compensation. *See* Council of the District of Columbia, Committee on Public Services and Consumers Affairs, Report on Bill No. 3–106, at 17 (January 16, 1980) (hereinafter "PS/CA Report"). Nevertheless, the same committee of the Council which recommended that the new act authorize attorney's fee awards also recommended that a twenty percent limit be put on such awards, even though such a limit was not contained in the predecessor statute.[5] Read as a whole, the legislative history convinces us that the Council, while authorizing the payment of "reasonable" attorney's fees in subsection (a), never lost sight of its primary objective of reducing employer and carrier expenses, and that subsection (f) was designed to meet that

objective. As we said in *Hughes, supra,* "[t]he Council made clear its intent to narrow the scope of coverage as well as the amount of compensation." 498 A.2d at 570 (citation omitted). Thus, even though "reasonable" attorney's fees are to be paid pursuant to subsection (a), subsection (f) ensures that the Act's main purpose of reducing employer and carrier expenses is fulfilled by putting a ceiling on what may be regarded as "reasonable."

Finally, we note that although this is a case of first impression in this court, our reading of the statute is consistent with that of the Department itself in several prior decisions. *See Ashton v. Washington Metropolitan Area Transit Authority*, H & AS No. 83–285, OWC No. 0025397 (February 22, 1985) (discussing legislative history); *Kim v. Lee's Supermarket, Inc.*, H & AS No. 83–44, OWC No. 0003826 (March 19, 1984); *Hightower v. Great Bear Spring Co.*, H & AS No. 82–24, OWC No. 0004985 (August 16, 1983); *McNeal v. J.B. Johnson Nursing Center*, H & AS No. 82–4, OWC No. 0000046 (May 10, 1983).

In sum, we hold that the twenty percent limitation on attorney's fees established by D.C.Code § 36–330(f) applies across the board to all compensation awards in contested cases, regardless of whether the fees are paid by the claimant, the employer, or the employer's insurance carrier. The legislative history amply supports this interpretation of the statute, and in any event the statutory language is clear on its face. The decision of the Department of Employment Services is therefore

Affirmed.

---

5. The legislative history contains the following:
 The current law provides that where a claim is contested and not voluntarily paid by the employer and insurance carrier, the injured worker is entitled to have the employer or insurance carrier pay attorney's fees where the worker wins the contested claim.... The

Committee recommends [that this] provision of the current law be retained; moreover, the Committee recommends a limit on attorney's fees be set at 20% of the award; such limit is not contained in the current law.
PS/CA Report at 17.